# Hilliard v. Brown *et al.*

*Action on a Bond for Costs.*

1. *Right of successful contestee to maintain action on a bond for costs of contest.*—Where, on the institution of a contest of election to an office, the contestant executes, in compliance with the statute, a bond, with sureties, for the payment of the costs of the contest, the latter undertaking covers all the costs of the contest before the trial judge; and upon the issues being determined in favor of the contestee, he can maintain an action on the bond to recover all the costs of the contest, although he is not liable for any part thereof himself.

2. *Action on bond for costs; witnesses and court officers can not maintain such action.*—Witnesses and court officers can not, to recover their costs, maintain separate actions in their own names upon a bond given by a contestant, in compliance with the statute, to secure the costs in a contest of an election.

3. *Judgment for costs, although court has no jurisdsction of subject matter.*—Although a trial court may not have jurisdiction of the subject matter, and dismisses the proceeding, it can render judgment for

the costs which had accrued ; the decision of the question of jurisdiction being a judicial act, of which cost is a proper and necessary incident.

4.  *Final judgment in appellate court; does not affect right to recover costs from unsuccessful party.*—The fact that a final judgment, dismissing a contest proceeding, was rendered in the appellate court, does not, in any manner, affect the liability for costs of the unsuccessful contestant and his sureties on the bond to secure the payment of the costs of the trial court.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

This was an action brought by the appellant against T. H. Brown and his sureties on a bond for costs, to recover the costs incurred in a proceeding instituted by the said T. H. Brown, contesting the election of said W. J. Hilliard to the office of probate judge for Pike county.    The cause was submitted to the jury upon an agreed statement of facts, which was as follows :   ''It is agreed in this case, that defendant, T. H. Brown instituted a contest, otherwise known as a statutory contest, against the plaintiff, W. J. Hilliard, before Hon. John P. Hubbard, Circuit Judge, on, to-wit, the 17th day of August, 1892, and gave the following bond or written instrument :

'The State of Alabama, ) Whereas, T. H. Brown, an elec-
⎱ tor of the county of Pike in said
Pike County.        ) State, has this day filed in the office of the clerk of the circuit court of said county, his grounds of contest of the election of W. J. Hilliard, to the office of Judge of Probate of said county, at an election held on the 1st day of August, 1892 :   Now, therefore, we, the undersigned, hereby acknowledge ourselves to be bound as security for the costs of said contest.  In witness whereof we have hereunto set our hands and seals this 17th day of August, 1892.

Approved August 17th, 1892. ⎰        T. H. Brown,
O. Worthy, Clerk.        ⎱        W. A. McBryde,
                                    O. R. Dykes,
                                    L. M. Treadwell,
                                    J. P. Wood,
                                    O. C. Wiley,'
as security for the costs of said contest, and as an initiatory step for the commencement of said contest.

]Hilliard v. Brown, *et al.*]

That on the trial of said contest before said Circuit Judge, Hubbard, to-wit, during the month of September, 1892, a judgment was rendered in favor of said Brown, and against said Hilliard, for said office of probate judge. That, thereupon said contestee, Hilliard, appealed from said judgment of the said circuit judge to the supreme court; when and where a judgment was rendered quashing and dismissing said contest proceeding; the supreme court deciding that the circuit judge was without jurisdiction to try the cause, for and upon the grounds disclosed in and by the petition in that case. That none of the costs sued for in the present action, as particularly set forth in the following cost bill offered in evidence [here follows the bill of cost, which was incurred in the said proceeding, and which included the cost of preparing the transcript for the supreme court] were incurred by said Hilliard ; and no part thereof has ever been paid or assumed to be paid by him. The clerk's fees, $106.55, (except an item for cost of making transcript in said contest case to the supreme court) were incurred in said contest at the instance of the contestant, Brown. That the sheriff's fees $49.44, were incurred by said contestant in like manner; that the witnesses' fees $260.35, were and are due exclusively to persons subpoenaed by said contestant as witnesses in his behalf, and so also, the commissioner's fees were for work and labor done and services rendered by a person named and selected by contestant, and appointed at his instance, in taking the depositions of certain witnesses for contestant Brown ; and that none of the parties interested in said costs ever requested or authorized said 'plaintiff, Hilliard, to commence this action." The agreed statement of facts also contained a copy of the judgment rendered by the supreme court in the said contest case on January 3, 1893, and which declared : "That in the proceedings before the circuit judge there was manifest error, and that the prayer of the petitioner be and the same is hereby granted, and that the said proceeding be and the same is hereby quashed. It is also considered, that the respondent, T. H. Brown, pay the costs herein taxed." It was also stated in said agreed statement, that the costs had never been paid by any one. Upon this evidence the plaintiff requested the court to give the general affirmative charge in his behalf. This the court refused to do,

and to such refusal the plaintiff duly excepted; and also excepted to the court's giving, at the request of the defendant, the following written charge: "If the jury believe the evidence, they will find for the defendant."

There was judgment for the defendant. The plaintiff appeals, and assigns as error the refusal to give the general affirmative charge in his behalf, and the giving of the charge requested by the defendant.

WORTHY & FOSTER, for appellant.—A judgment for costs must be rendered in favor of one of the parties to the suit. The theory of costs is that the successful recover the costs, and that the unsuccessful party pay the costs to the successful party.—Code of 1886, § 2837; *Patterson v. Officers of Court,* 11 Ala. 740; *Prestridge v. Officers of Court,* 42 Ala. 405; 4 Amer. & Eng. Encyc. of Law, 315 and note; *McElhany v. Flynn,* 23 Ala. 819; 1 Freeman on Executions, 30, § 16; *Beck v. Pryor,* 21 Ala. 393; *Brentlinger v. Funk,* 3 J. J. Marsh (Ky.) 656; *Winship v. Conner,* 43 N. H. 167; *Hayward v. Giffard,* 4 M. & W. 194; *Schluderbery v. Robertson,* 60 Md. 602; *State v. Trenton,* 20 Atl. Rep. (N. Y.) 1076; *Frazier v. Merrill,* 26 N. H. 498.

As to whether the successful party may maintain an action on a judgment for costs, when there was no judgment rendered in his favor, see *Higgins v. Callahan,* 10 Daly (N. Y.) 420; *Hutchinson v. Gillespie,* 11 Exch. 798; *Cole v. Lunger,* 42 N. J. L. 381; *McDaugall v. Richardson,* 3 Hill, 558.

A. A. WILEY, *contra.*—"The general principle is, that if a court has no jurisdiction of the principal question, it has none of its consequences and incidents."—*In re Ferguson,* 9 John. R. 240. "When an inferior court has no jurisdiction, there can be no judgment rendered for such costs as have accrued in that court."—*Hightower v. Handlin,* 27 Ark. 20; *Cary v. Ducker,* 12 So. West Rep. 204. "When the court has no jurisdiction of a cause it can render no judgment therein for costs."—*Burke v. Jackson,* 22 Ohio St. 270.

COLEMAN, J.—T. H. Brown instituted proceedings to contest the election of W. J. Hilliard to the office of probate judge. In compliance with the statute, he gave

security for the cost of the contest. The undertaking is set out in the statement of the facts of the case. On the trial before the circuit judge the contestant was successful. The case was brought to this court by writ of *certiorari* and judgment here rendered, reversing and annulling the judgment in favor of contestant by the circuit court judge, and quashing the contest proceedings. This court adjudicated that the averments of facts contained in the petition of contestant, were not sufficient to give the trial judge jurisdiction of the cause of contest. The judgment by this court was that "T. H. Brown pay the costs herein taxed." The contestee, Hilliard, brought the present action against the contestant, Brown, and his sureties upon their undertaking to secure the cost of the contest. The case was tried upon an agreed state of facts. These show that no part of the cost of the contest have been paid by any one ; that the several items constituting the bill of costs are proper charges, and that every item, except the cost incident to the writ of *certiorari* by which the cause was brought to this court, was incurred for and at the instance of the contestant Brown. The final judgment rendered in this court quashing the contest proceedings was in evidence. The contestant was unsuccessful, and he and his sureties became liable on their undertaking to secure the cost. It is contended that as the facts show a large proportion of the cost was incurred by contestant Brown, and that as Hillard is not responsible for such cost, and can not be made to pay the same, these costs can not be recovered in this action. We are of opinion the law is otherwise. The undertaking covers all the costs of the contest before the trial judge. In the case of *Pryor v. Beck*, 21 Ala. 393, where the sureties were sued on their undertaking to secure the costs of the suit, the same defense was interposed, and it was held that the bond covered all the cost, and the obligee should recover "all the costs, without regard to the question whether he could be made liable to pay all or not ; * * that he must recover to the extent of all who are designed to be protected by the bond." In the case cited, it appears that judgment for the cost was rendered, as in the case at bar, against the principal alone, and the suit was brought upon the undertaking to secure the cost of the suit. We do not doubt that if the defendant had paid

[Hilliard v. Brown *et al.*]

any part of the cost to the person entitled to receive it, or had obtained a release or aquittance from such person, such payment or acquittance, would be a good defense "*pro tanto*" to the present action.

It is further contended, that the parties entitled to the cost should sue in their own names. Doubtless an action could be maintained in his name by any witness attending, or officer performing the service, against the party, in whose behalf the witness attended or for whom such service was performed, and such parties might sue T. H. Brown to recover such cost, but neither witnesses nor officers in their own names could maintain separate actions on the undertaking against Brown and his sureties to recover these costs. Unless authorized by statute the cause of action given by the undertaking of defendant and his sureties can not be split up into as many actions as there are persons interested in, and secured by its provisions.—*Smith v. Mutual Loan & Trust Co.*, 102 Ala. 282. . One suit of recovery will be a bar to any other suit. An action is maintainable on a judgment to recover cost.—4 Amer. & Eng. Encyc. of Law, p. 320. Costs in civil cases are awarded in favor of the successful party, (Code , § 2837), and execution runs in his name, and not in the name of the parties to whom the costs are payable.

It is further contended by appellee, that as the trial court had no jurisdiction of the subject matter, it could not render a judgment awarding cost. There are some cases which recognize the rule as thus asserted.—*Burk v. Jackson*, 22 Ohio St. 268. We are of opinion the sounder rule, and that which is supported by the great weight of authority is, that the court must decide whether it has jurisdiction or not, and the decision of that question, is a judicial act,—an exercise of jurisdiction,—and that costs are a proper and necessary incident of such a judgment.—*King v. Poole*, 36 Barb. Sup. Ct. Rep. 242 ; *Jordan v. Dennis*, 7 Metcalf 590; Hawes on Jurisdiction of Courts, § 19 and note ; 1 Freeman on Judgments, § 120.

By our statutes costs are awarded to the successful party. Code, *supra*. The fact that final judgment, quashing the proceeding was pronounced in this court, instead of a mandate to the trial judge, to render such judgment, in no manner affects the liability of the unsuccessful party. The judgment rendered here was the judgment

[Roden & Co. v. Brown.]

which should have been rendered in the first instance. The security given for cost, for instituting an action or contest proceedings does not include the cost for an appeal to this court, or if the cause is brought here by writ of *certiorari* instead of appeal. To recover the cost awarded the appellant, by the judgment of this court quashing the contest, the plaintiff may have his remedy upon the judgment rendered in this court against the contestant. It is only the costs before the trial court or judge which are recoverable from the contestant and his sureties by an action on the undertaking. These the plaintiff was entitled to recover. The court erred in giving the affirmative charge for the defendant.

Reversed and remanded.