[Frazier *et al.* v. McWhirter *et al.*]

# Frazier *et al. v.* McWhirter *et al.*

1. *Probate judge has no authority to render judgment on bond for cost in contested election.*—A probate judge has no authority of law to render judgment on a bond and against the sureties thereof, which was given to secure the payment of the costs in a contest of election for the office of tax collector.

2. *Probate judge may vacate void judgment.*—A judge of probate has authority to vacate a judgment entry made by him which is void.

*Action on Bond for Security for Costs.*

APPEAL from the Circuit Court of Marion.

Tried before the Hon. THOS. R. ROULHAC.

John M. McWhirter instituted a contest for the office of tax collector of Marion county to which office he claimed to have been elected. M. M. Frazier was the other party to the contest. The contestant gave bond in the sum of $250.00 conditioned to pay the costs of the proceedings if he failed in the contest. He did fail, the judge of probate deciding and decreeing that the contestee was duly elected. The judgment of the judge of probate, as above stated, contained a further provision that the contestee recover of the contestant and the sureties on the cost bond the sum of $250.00, it appearing that the cost exceeded that amount. There was another bond for costs given in the contest and the judgment was also against the principal and sureties on that bond. This judgment rendered on these cost bonds was afterwards set aside and vacated by the judge of probate on motion of the makers of them. This suit was brought on the first of these bonds. Pleas were interposed setting up the judgment rendered on the bond as a merger of the bond in the judgment. Replication was filed to which a demurrer was sustained. The court gave the affirmative charge in favor of the defendant; and this is assigned as error. Reversed and remanded.

[Frazier *et al.* v. McWhirter *et al.*]

DANIEL COLLIER, for appellants, contended, that the statute does not give power in the probate judge to give judgment for costs against the sureties on the contest bond; and that the bond was valid as a common law obligation.—*Masterson v. Matthews,* 60 Ala. 260; *Cobb v. Thompson,* 87 Ala. 333; *Wilson v. Duncan,* 114 Ala. 669; *Hilliard v. Brown,* 103 Ala. 318; *Adler v. Porter,* 57 Ala. 571; *Prior v. Beck,* 21 Ala. 393.

ALMOND and BULLOCK, *contra.*
No brief for appellee came to the hands of the reporter.

TYSON, J.—The right of the plaintiff to maintain this suit is unquestionable.—Code 1886, § § 398-417; *Dean v. Witherington,* 116 Ala. 575; *Wilson v. Duncan,* 114 Ala. 659; *Hilliard v. Brown,* 103 Ala. 318. The demurrer should have been sustained to the special plea of the defendants setting up the decree of the probate court in which the costs of the contest was adjudged against the defendants as sureties upon the instrument executed by them and approved by the judge of probate, given as security for the costs of the contest as provided by section 417 of Code of 1886 and ordering execution to be issued against them for the costs was a nullity and void. So much of the decree or judgment as went beyond confirming or annulling the election altogether was in excess of the jurisdiction conferred upon him by section 423 of Code of 1886 providing, where the contest is instituted before a probate judge, that "such judge of probate has authority to make an examination of the ballots given in such election, so far as the same may be necessary to arrive at a correct judgment, and must be governed, in the trial and determination of such contest, by the rules of law and evidence governing the determination of questions of law and fact in the courts of law in this State, so far as applicable; and after hearing the allegations and evidence, must give judgment, either confirming or annulling such election altogether or declaring some other person than the one whose election is contested duly elected. In all contests of elections for the office of justice of the peace or constable or for any office which is filled by the vote of a single

[Frazier *et al.* v. McWhirter *et al.*]

county, except for members of the general assembly, the person whose election is contested is entitled to a trial by jury, the issue to be made up under the direction of the court and a jury summoned as in cases in the probate court." It will be noticed that no provision is made for a judgment for cost against the unsuccessful party, much less against the sureties upon the bond for the security for costs, and none exists authorizing such a judgment by the judge of probate against the sureties in the cases of contesting elections to offices filled by the vote of a single county, except members of the general assembly. However, as to the unsuccessful party, the court could have adjudged the costs against him in favor of the successful party under section 2837 of the Code of 1886. But this section (2837) does not provide for the adjudication of the costs against the sureties on the undertaking of the unsuccessful party for the costs. We do not doubt that if the unsuccessful party, the contestant who gave the security for the costs, had paid any part of it to the person entitled to receive it or had obtained a release or acquittance from such person, such payment or acquittance would be a good defense *pro tanto* to the present suit.—*Hilliard v. Brown, supra.* The plea was subject to demurrer and constituted no defense to the action.

The decree or judgment of the probate court adjudging the costs against the sureties upon the bond of the contestant in the contest case and ordering execution against them, being void, on account of want of jurisdiction to render it, the probate judge, on a subsequent day, correctly granted the application to quash the execution and properly entered a decree or judgment vacating the former judgment in this respect.—3 Brick. Dig. 584, § 124. The replication setting up the latter proceeding vacating the judgment or decree relied upon by the defendants in their special plea was sufficient.

There was error in giving the charge requested by the defendants and the general affirmative charge requested by the plaintiffs should have been given.

The judgment must be reversed and the cause remanded.

Reversed and remanded.