# McWhirter *et al. v.* Frazier.

*Action upon Bond to secure Contest of Election.*

1. *Bond for costs in election contest; validity of second bond.* In a contest of an election to the office of tax collector under the Code of 1886, where, after a bond for the security for the costs of the contest to the extent of $250 is given, the probate judge, upon discovering that the amount of such bond was not sufficient to cover all the costs of the contest, requires the contestant to give further security for costs and to execute another bond for the same sum, the second bond so given is a binding obligation upon said contestant and his sureties thereon; the amount of both bonds not exceeding the sum fixed by the statute (Code of 1886, § 398), and the fact that the giving of the second bond was necessary to give sufficient security for the costs of the contest

as required to authorize a contest furnishing a valuable consideration for the giving of the new security.

2. *Action upon bond for costs in election contest; judgment in contest proceeding admissible in evidence.*—In an action upon a bond given to secure the costs in the contest of an election under the Code of 1886, the judgment rendered in the contest proceedings is relevant to the issues involved and admissible in evidence.

3. *Evidence; when error without injury to admit incompetent evidence.*—Error in the admission of incompetent evidence is without injury, when the same fact or facts are proved by testimony adduced and to the admission of which no objection was interposed.

APPEAL from the Circuit Court of Marion.

Tried before the Hon. ED. B. ALMON.

This action was brought by the appellee, M. M. Frazier, against the appellants, J. M. McWhirter and other named persons as sureties upon the bond given by said McWhirter in a contest proceeding in which said McWhirter contested the election of M. M. Frazier to the office of tax collector of Marion county.

The defendants pleaded the general issue and set up by special plea that said bond was not a binding obligation, in that it was wanting in consideration and was executed after the institution of the contest proceedings and while the same were pending in the probate court.

Upon the institution of the contest, the contestant, McWhirter, executed a bond in the sum of $250, on August 19, 1892, which bond was approved by the probate judge of said county. The contest proceeded under this bond until September 14, 1892. At this time the probate judge found that the costs had so accumulated in the contest that the bond for $250 was not sufficient to cover the same. He thereupon required the contestant to give further security for costs of the contest. In response to this requirement, the contestant executed a second bond for the sum of $250 with other and different sureties. This bond recited that the parties thereto acknowledged themselves the "contestant's security for the costs of the within case to the extent of $250 in addition to the former bond of $250." It is this second bond which is now sued upon. After the giving of this bond,

[McWhirter *et al.* v. Frazier.]

the contest proceeded and the trial finally resulted in favor of the contestee, M. M. Frazier, and judgment was rendered against the contestant and adjudging all costs against him and the sureties on the bond. The contestee in said contest proceedings instituted a suit upon the first bond, and appeal was prosecuted to this court from the judgment in favor of the defendants—*Frazier v. Mc-Whirter*, 121 Ala. 308; 25 So. Rep. 804.

During the trial of the case, the plaintiff introduced in evidence a certificate of the judge of probate in whose court the contest was had, showing the amount and items of the cost as accrued upon the second bond, and also introduced in evidence a copy of the judgment in said contest proceedings. The defendants separately objected to the introduction in evidence of the bill of costs, upon the ground that it was not itemized, and duly excepted to the court's overruling their objection. They also objected to the introduction in evidence of the contest proceedings and duly excepted to the court's overruling their objection. The plaintiff then introduced W. H. Matthews, who was the judge of probate at the time of the contest was had, and he testified, without any objection upon the part of the defendants, that said bill of costs, as itemized, for $250, accrued under the bond here sued on, and after said bond was filed and approved by him, and that under and by virtue of said bond, the contestant, McWhirter, proceeded to contest the election of said Frazier, and that none of the costs as itemized therein had been paid.

At the request of the plaintiff, the court gave the general affirmative charge in his behalf. The defendants duly excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge requested by them.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

ALMON & BULLOCK, for appellant, cited *Frazier v. Mc-Whirter*, 121 Ala. 308.

[McWhirter *et al.* v. Frazier.]

DANIEL COLLIER, *contra.*—"That the right of action in the plaintiff to maintain this case is unquestionable, see Code of 1886, §§ 98, 417; *Dean v. Witherington,* 116 Ala. 575; *Wilson v. Duncan,* 114 Ala. 659; *Hilliard v. Brown,* 103 Ala. 318.

The court did not err in its rulings upon the evidence. *Munter v. Reese,* 61 Ala. 395; *Adler v. Potter,* 57 Ala. 571; *Sprowl v. Lawrence,* 33 Ala. 692; *State v. Tutwiler,* 68 Ala. 109.

SHARPE, J.—This suit is upon the second one of two writings similar in most respects given by the defendant McWhirter as security for the costs in his contest of the plaintiff's election to the office of tax collector had under the Code of 1886, and which resulted adversely to McWhirter. The case of *Frazier v. McWhirter,* 121 Ala. 308, was a suit on the obligation first given as such security and rules this case to the extent of establishing the plaintiff's right to sue on the instrument here involved. The only question here raised going to the merits of the defense and left unanswered by the opinion in the case referred to is, whether this undertaking is supported by a consideration. For the defense it is asserted that there is a want of consideration for that the undertaking was promised after the other obligation had been approved as security for costs and that it was given in compliance with an order of the probate judge whose authority to require security is said to have been exhausted by his acceptance of the first obligation. The position is untenable. The statute required McWhirter to give security for the costs of the contest not to exceed in amount $500.—Code of 1886, § 398. Liability on the obligation first given was limited to $250. It is not averred or contended that $250 was sufficient to cover the costs. To make the security sufficient, if it was not originally so, was necessary to a compliance with the conditions upon which the law, independent of the probate judge's order, gave the right of contesting the election. That the contestant might be availed of that right was a valuable consideration for giving the new security.

Proof of the judgment rendered on the contest was relevant as showing that the contest had ended and the costs were due.

[Griswold v. Thornton *et al.*]

The amount of the costs having been proved by a witness without contradiction the admission of the certified statement of costs if error is not ground for reversal. *Tyson v. Chestnut*, 118 Ala. 387.

The judgment will be affirmed.