[The Alabama Industrial School v..Addler, *et al.*]

# The Alabama Industrial School *v.* Addler, *et al.*

## *Assumpsit.*

### [DECIDED JUNE 30, 1905.]

1. *Constitutional Law; Parties to Suit; State of Alabama.*—The Constitution of Alabama expresslly prohibits the state from being made a party defendant to any suit in law or equity.

2. *Same; The Alabama Girls' Industrial School.*—The Alabama Girls' Industrial School, being a component part of one of the departments of the State of Alabama, is within the constitutional prohibition against the state being made a party defendant to any suit.

3. *Laws; Jurisdiction; Constitutional Prohibition as to; Cannot be Waived.*—There is no provision in the Constitution by which the exemption of the state from suit may be waived; nor has the legislature capacity to pass a law permitting said waiver; nor can the state, or any department thereof, waive such exemption from suit by a failure to plead to the jurisdiction of the court, or otherwise.

4. *Same; Same; Void Judgment; Supreme Court Will Take Original Cognizance of.*—The Supreme Court will take original cognizance of the lack of capacity of the court below to render the judgment complained of, although no objection to the jurisdiction of the court below was made on the trial.

APPEAL from Birmingham City Court.

Heard before the Hon. CHARLES A. SENN.

This suit was instituted to recover $2,500.00 of advance money paid by Adler & Company, through their agent, on a contract entered into in the name of said agent with the appellant in this cause, for the purchase from it of certain lands donated to it by Congress. There was no objection raised on the trial to the jurisdiction of the court to hear and determine the cause; and, upon issue being joined upon the general issue, a judgment was rendered for the plaintiff below (appellee). After the submission of the appeal, the want of jurisdiction in the lower court was, by brief of counsel, for the first time

interposed. Under the views taken by the supreme court, as set out in the opinion in this cause, it is unnecessary to notice further the pleadings or evidence in the court below.

WHITSON & DRYER and SAM WILL JOHN, for appellant.—*The Alabama Girls' Industrial School v. Reynolds,* (MSS.) ; *James White v. Ala. Insane Hospital,* (Mss.) ; *Comer v. Bankhead,* 70 Ala. 493.

SMITH & SMITH, for appellee.

DENSON, J.—Section 14 of Art. 1 of the Constitution of 1901, which is a literal reproduction of section 15, Art. 1, of the Constitution of 1875, expressly prohibits the state from being made a party defendant in any court of law or equity.

In the case of *The Alabama Girls' Industrial School v. Reynolds,* in MS., we held that an action or suit against the defendant in this case (appellant here) is really and substantially one against the state and that it is exempt under the Constitution from all actions or suits.

Under the influence of the case above cited, the judgment rendered by the lower court against the defendant (appellant here) must be held void for want of jurisdiction in the court to hear and determine the cause and the appeal must be dismissed, unless it can be properly held that there was a waiver by the defendant of its immunity from being sued.

The defendant appeared by counsel and, without making any objection to being sued and without in any way raising the question of the jurisdiction of the court, went to trial on the plea of the general issue. If the defendant had been a person, or a corporation liable to suit, by the course adopted by it unquestionably the question of the jurisdiction of the court of the person of the defendant would have been waived.

But we must determine the question of waiver here in connection with the constitutional prohibition referred to. "The power to hear and determine a cause is jurisdiction; and it is *coram judice* whenever a case is pre-

sented which brings this power into action. But before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; that such complaint has actually been preferred; and that such person or thing has been properly brought before the tribunal, to answer the cause of action therein contained."—*Sheldon's Lessees v. Newton,* 3 Ohio, 494; *Rhode Island v. Massachusetts,* 12 Pet. 718.

There is not only no law giving the court capacity to entertain the complaint against the defendant, but there is the section of the organic law of the state which prohibits such capacity. There is no provision in the Constitution by which the exemption of the state from suit may be waived. The legislature is without competency to enact a statute allowing the state to consent to a suit against itself, and it would seem that, if the lawmaking body has no power to enact a law granting such consent, certainly any action on the part of an attorney, a mere agent of the state, would be futile in that respect and as a waiver of the state's exemption from suit.—*Ex parte State,* 52 Ala. 231.

At the time the 11th amendment to the Constitution of the United States became operative, on the 8th day of January, 1798, the question arose, whether the amendment did, or did not, supersede all suits then pending, as well as prevent the institution of new suits, against any one of the United States, by citizens of another state? In the case of *Hollingsworth v. Virginia,* the supreme court rendered a unanimous opinion to the effect that there could not be exercised by the courts any jurisdiction, in any case, past or future, in which a state was sued by the citizens of another state, or by citizens, or subjects of any foreign state.—*Hollingsworth v. Virginia,* 3 Dallas, 378. So, in the case of *Ex parte State of Alabama,* this court held that repeal of the law authorizing suits against the state strips a court, in which such a suit is pending, of all jurisdiction to proceed further in the cause.—*Ex parte State of Alabama.* 52 Ala. 231.

[The Alabama Industrial School v. Addler, *et al.*]

In the case of the *State of Rhode Island v. Massachusetts, supra,* which was a case in which Rhode Island filed a bill against Massachusetts to establish the northern boundary between the states; after answering the bill, a motion was made to dismiss the bill on the ground that the court had no jurisdiction. In discussing the question the court, on page 719 of the report, said: "An objection to jurisdiction, on the ground of exemption from the process of the court in which the suit is brought, or the manner in which a defendant is brought into it, is waived by appearance and pleading to issue, but when the objection goes to the power of the court over the parties, or the subject-matter, the defendant need not, for he cannot give the plaintiff a better writ or bill. Where no inferior court can have jurisdiction of a case in law or equity, the ground of the objection is not taken by plea in abatement, as an exception of the given case, from the otherwise general jurisdiction of the court; appearance does not cure the defect of judicial power, and it may be relied on by plea, answer, demurrer, or at the trial or hearing, unless it goes to the manner of bringing the defendant into court, which is waived by submission to the process. And whether the want or excess of power is objected to by a party, or is apparent to the court, it must surcease its action."

We have seen that the court below was without capacity to entertain a suit against the defendant on account of the prohibition in the Constitution. It must follow then, that the complaint failed to state a cause of action. and, in this state of the pleading, that objection was not made in the court below is immaterial; this court will take cognizance of the lack of capacity in the court below.—*L. & N. R. R. Co. v. Williams,* 113 Ala. 402.

The conclusion is, that the city court was without jurisdiction to render judgment against the defendant and the want of jurisdiction could not be, and was not waived. The judgment appealed from is void, will not support an appeal, and the appeal is therefore dismissed.

Appeal dismissed.

TYSON, DOWDELL, SIMPSON and ANDERSON, JJ., conring.