185 So. 739

## STATE TAX COMMISSION v. GAY-TEAGUE REALTY CO.

### 3 Div. 279.

Supreme Court of Alabama.

Dec. 22, 1938.

Rehearing Denied Jan. 26, 1939.

Hugh R. Williams, of Brewton, for appellants.

A. G. Seay, of Troy, for appellee.

A. A. Carmichael, Atty. Gen., and Jack Crenshaw, of Montgomery, for appellant.

W. H. Sadler, Jr., of Birmingham, for appellee.

FOSTER, Justice.

This is a suit in equity for a declaratory judgment to determine whether complainant is liable for the gross receipts tax under the Act approved December 17, 1936 (page 1), which was operative from January 1, 1937, to February 28, 1937, for that during that period complainant operated a restaurant, together with a stand in which were sold cigars, chewing gum and bottled drinks. The facts are admitted as stated in the bill of complaint, and are briefly as recited in substance above.

The pertinent feature of the Act is as follows: "Section 1. That an Act entitled, 'An Act to provide for the General Revenue of the State of Alabama, Approved July 10, 1935,' be amended by adding thereto Schedule 155.4A to Section 348 of said Act: 'Section 348—Schedule 155.4A. Every person, firm, corporation, association or co-partnership opening, establishing, operating or maintaining one or more retail stores or retail mercantile establishments within the State, whether under one general management or not, shall, in addition to all other licenses or taxes of whatever kind now levied by law, pay to the State of Alabama, as a license or privilege tax for the privilege of doing such business, an amount equal to one and one-half per cent (1-1/2 %) on the gross sales of said business."

So that the question is dependent upon whether a restaurant with a cigar, chewing gum and bottled drink counter is "a retail store or retail mercantile establishment" within the meaning of the Act just quoted.

The case of Fox v. Standard Oil Co., 294 U.S. 87, 55 S.Ct. 333, 79 L.Ed. 780, is cited by the State because it adopts the conclusion that a filling station operator is subject to a tax under an act making those who operate stores subject to it, and defining a store to mean "any store or stores or any mercantile establishment or establishments which are owned," etc. Acts W. Va.1933, c. 36, § 8. The opinion held that the Act shows a purpose not to limit the tax to storekeepers as ordinarily understood, but to include "any mercantile establishment, whether a store or something else." [page 336.] A filling station for the sale - of gasoline and other petroleum products, tires and accessories, it is said, may not be a store as commonly understood, but it is a mercantile establishment for the sale of such articles.

But we do not think that a restaurant is a mercantile establishment, though it is a place where food is prepared and sold for consumption then and there. The restaurateur as a rule does not sell the food in the form in which he buys it. He adds a service and provides facilities for its consumption, which distinguish his place from that of a store or mercantile establishment. The distinction being that in the latter the sale is ordinarily made of the article in the form in which it is bought by the merchant, and not to be then consumed. While they are both places for sales of personal property in a certain sense, each is distinctive in name and substance from the other, and is so well understood.

The Act with which we are dealing does not define a store or mercantile establishment. We are therefore to assume that it was intended to have such meaning as is ordinarily ascribed to it. No one would ordinarily understand that a restaurant is included in such terms.

In Pappanastos v. State Tax Comm., Long, 235 Ala. 50, 177 So. 158, we referred to the fact that in many quarters it had been held that in a restaurant a service only is rendered, not a sale. While in that case we accepted the view that the transaction includes a sale, it was not intended to withdraw the place from its distinctive class as one in which in addition to a sale there is rendered such an im-

portant service as to make it distinguishable in legal status as well as in name from other places in which personal property is kept and sold. McCarley v. Wood Drugs, 228 Ala. 226, 153 So. 446. The incidental sale of cigars, chewing gum and bottled drinks is not controlling. It is not a store or · mercantile establishment within the terms of the Act.

The subject has had recent similar treatment in the case of Lee v. Cloverleaf, 130 Fla. 435, 177 So. 722, by the Supreme Court of Florida. And it was there also mentioned, citing authority, that a store is not to be classed as a restaurant because a lunch counter is operated in connection with it.

A similar distinction has been made by · our Court of Appeals between a restaurant and store in construing our criminal statute against Sunday violations. Whittaker v. State, 17 Ala.App. 624, 88 So. 188.

The decree of the circuit court is in accord, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

On Rehearing.

PER CURIAM.
Application overruled.

GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.