194 So. 560

### J. R. RAIBLE CO. v. STATE TAX COMMISSION et al.

### 3 Div. 307.

Supreme Court of Alabama.

Dec. 14, 1939.

Rehearing Denied Jan. 25, 1940.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Assts. Atty. Gen., for petitioners.

Leader, Hill, Tenenbaum & Seedman, of Birmingham, opposed.

BROWN, Justice.

This is a common law action of indebitatus assumpsit by the J. R. Raible Company, a corporation, against the State Tax Commission, now the "State Department of Revenue" [Act No. 4 approved February 1, 1939], for money had and received. National Bank of Boaz v. Marshall County, 229 Ala. 369, 157 So. 444; Raisler v. Mayor and Council of Athens, 66 Ala. 194; Winter v. City Council of Montgomery, 65 Ala. 403.

The amount claimed in count one of the complaint, $554.07, with interest, was paid "under protest" as a license tax under Act, No. 1, approved December 17, 1936, entitled "An Act to amend an Act entitled, 'An Act to provide for the General Revenue of the State of Alabama, Approved July 10, 1935,' by adding Schedule 155.4A and Schedule 155.4B to Section 348 of said Act." Acts Special Session 1936–1937, "General and Local," p. 1.

The amount claimed in count two of the complaint, $160.35, with interest, was paid "under protest" under Act No. 126, approved February 23, 1937, Acts 1936–1937, Sp. Sess., "General and Local," p. 125, as sale tax.

The plaintiff at the time of such payments, and for many years prior thereto, had engaged in the business of a cooper, manufacturing barrels and kegs, which it sold in large quantities to its customers and others on special orders to be used by such customers as containers in the sale of merchandise usually packaged in such containers. "The average price of these barrels is sixty-three cents each, and there is a differential between the price at which commodities are sold in barrels and the same commodities sold in bulk. The barrel price is more than the bulk price."

There is a market for second-hand barrels at from thirty-five to fifty per cent of the price when new.

Act No. 1, first mentioned, provides that: "Every person, firm, corporation, association or co-partnership opening, establishing, operating or maintaining one or more retail stores or retail mercantile establishments within the State, whether under one general management or not, shall, in addition to all other licenses or taxes of whatever kind now levied by law, pay to the State of Alabama, as a license or privilege tax for the privilege of doing such business, an amount equal to one and one-half per cent (1½%) on the gross sales of said business." Section 1.

The tax levied by this act is a store tax, and is levied against merchants engaged in the business of buying finished products and selling to the retail trade for profit. The character of the plaintiff's business is that of a manufacturer or assembler of staves and heads into barrels and kegs, which are sold to consumers. Its business is not a store or mercantile establishment within the purview of said act. State Tax Commission v. Gay-Teague Realty Co. 237 Ala. 133, 185 So. 739.

■ The facts of the case stated in the opinion of the Court of Appeals, stated in short above, show that the plaintiff manufactures barrels and kegs and sells the same *"to users or consumers."* Such sale is not within the definition of "Wholesale Sale," as defined by said Act No. 126. The Act provides: "The term 'wholesale sale' or 'Sale at wholesale' means a sale of tangible * * * property by wholesalers to licensed retail merchants, jobbers, dealers, or other wholesalers for resale and *does not include a sale by wholesalers to users or consumers,* not for resale." Acts 1936–1937, Special Session, General and Local Acts, pp. 125, 126, § 1. [Italics supplied.]

The barrels and kegs are purchased not for resale but for use or consumption, and such sales are subject to the tax as retail sales, notwithstanding the barrels, after use, may have some resale value. City Paper Co. et al. v. Long et al., 235 Ala. 652, 180 So. 324; Durr Drug Co. v. Long et al., 237 Ala. 689, 188 So. 873; Birmingham Paper Co. v. Curry, 238 Ala. 138, 190 So. 86.

The circuit court rendered judgment for the defendant and taxed the plaintiff with the costs. This judgment was not erroneous.

■ To all intents and purposes, this is a common law action of indebitatus assumpsit against the State, and the circuit court was without jurisdiction to entertain it. Constitution 1901, Article I, § 14; Skinner's Constitution Annot. pp. 127–129; Alabama Industrial School v. Addler et al., 144 Ala. 555, 42 So. 116, 113 Am.St.Rep. 58; State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581; Barlowe v. Employers Ins. Co. of Alabama, 237 Ala. 665, 188 So. 896; State Tax Commission et al. v. Commercial Realty Co., 236 Miss. 358, 182 So. 31; Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114.

■ The court had jurisdiction to decide that it was without jurisdiction to entertain the action against the State, and as an incident thereto render a valid judgment for costs against the moving party—the plaintiff. Hilliard v. Brown, 103 Ala. 318, 15 So. 605.

The writ of certiorari is awarded; the judgment of the Court of Appeals is reversed, and the cause remanded to that court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.

On Rehearing.

BROWN, Justice.

■ Sections 379 and 380 of the Act approved July 10, 1935, Gen.Acts 1935, pp. 568, 569, which authorize the officer receiving money paid as taxes under protest to distribute the same "to the various governmental agencies the proportion due such governmental agencies," relieve such receiving officer from liability, and provide that the court "shall order the same to be repaid by the State or its agencies receiving the same," patently violate § 14 of the Constitution, and any such judgment so rendered would be void. Alabama Industrial School v. Addler et al., 144 Ala. 555, 42 So. 116, 113 Am.St.Rep. 58.

Opinion extended and application for rehearing overruled.

All the Justices concur, except ANDERSON, C. J., not sitting.