CRAWLEY, Judge.
Dwight Carlisle, in his official capacity as Commissioner of Revenue of the State of Alabama, and the Alabama Department of Revenue (hereinafter referred to collectively as “the Department”), petition this court for a writ of mandamus directing the trial court to dismiss an appeal of a final tax assessment filed by Jemison, Mendel-sohn & James, P.C. (hereinafter referred to as “the taxpayer”). We grant the petition and issue the writ.
The Department’s petition for a writ of mandamus states:

“STATEMENT OF FACTS

“1. [The taxpayer] filed its 2001 Alabama corporate income tax return with the [Department] in September 2002. On that return, [the taxpayer] claimed a net operating loss (‘NOL’) as a deduction.
“2. The Department disallowed the NOL deduction, because Alabama’s legislature suspended the taking of such a deduction for the 2001 year by Act 2001-1088. That act was codified in § 40-18-35.1(7), Code of Alabama 1975. On April 10, 2003, the Department entered a preliminary assessment of corporate income tax, plus interest, against [the taxpayer], based on the disallowed deduction.
“3. On July 30, 2003, the Department entered a final assessment against [the taxpayer] for corporate income tax, plus interest, for the tax year 2001. A copy of this final assessment is attached as State’s Exhibit 1.
“4. [The taxpayer] filed an appeal of the final assessment with the Department’s Administrative Law Division in August 2003, claiming that Act 2001-1088 is unconstitutional.
“5. The Department filed a motion to dismiss the administrative case, because the Department’s Administrative Law Division does not have the authority to declare an act of the legislature unconstitutional.
“6. On September 18, 2003, the Department's Administrative Law Judge (‘ALJ’) entered a ‘Final Order on Department’s Motion to Dismiss,’ dismissing the appeal. A copy of that order is attached as State’s Exhibit 2.
“7. On October 16, 2003, [the taxpayer] filed a ‘Class Action Complaint for Declaratory Judgment, Petition For Refund of Taxes And Appeal From Final Order’ in the Montgomery County Cir *723 cuit Court. A copy of [the taxpayer’s] Complaint (without exhibits) is attached as State’s Exhibit 3.
“8. In the circuit court case, [the taxpayer] did not file a notice of appeal of the administrative final order with the Department’s Administrative Law Division, as required by statute. On October 31, 2003, a letter was written by counsel for the Petitioners to the Department’s ALJ, asking if [the taxpayer] filed a notice of appeal of this case with the Department’s Administrative Law Division. A copy of that letter is attached as State’s Exhibit 4. The Department’s ALJ responded by letter dated November 3, 2003, stating that the Administrative Law Division was not notified by [the taxpayer] of an appeal to circuit court. A copy of that letter is attached as State’s Exhibit 5. Therefore, [the taxpayer] did not comply with the appeal procedures of § 40-2A-9(g)(l).
“9. On October 17, 2003, [the taxpayer] paid the Department $52,900.21, which is the face amount of the final assessment entered against [the taxpayer] on July 30, 2003. (See State’s Exhibit 1.) This payment obviously did not include additional interest, as required by § 40-2A-9(g)(l). Therefore, [the taxpayer] did not comply with the appeal procedures of the statute.
“10. [The taxpayer] filed this case as a class action. (See Complaint of [the taxpayer], attached as State’s Exhibit 3.)
“11. Because [the taxpayer] failed to follow the appeal procedures in § 40-2A-9(g)(l) and because [the taxpayer] filed this case as a class action, the Petitioners filed a Motion to Dismiss in the circuit court on November 18, 2003. A copy of that motion (without exhibits) is attached as State’s Exhibit 6.
“12. The circuit court held a hearing on the Petitioner’s Motion to Dismiss on January 20, 2004.
[[Image here]]
“14. In Scott [v. State of Alabama Department of Revenue], the circuit court granted the Department’s Motion to Dismiss for lack of subject-matter jurisdiction, because the Scotts failed to comply with the appeal procedures in § 40-2A-9(g)(l).
“15. In the present case, the circuit court entered an order on January 27, 2004, denying the Motion to Dismiss filed by the Petitioners. A copy of the circuit court’s order is attached as State’s Exhibit 8.”
The taxpayer is in agreement with paragraphs one through seven of the above-quoted statement of facts and additionally sets out the following in its'answer to the Department’s petition for a writ of mandamus:
“1. On October 16, 2003, Lisa Rene-gar, an employee of the [taxpayer], personally contacted the Corporate Income Tax Division of the [Department] and inquired as to the proper amount of tax due under the Department’s Notice of Final Assessment, dated July 20, 2003. Ms. Renegar was advised that the amount due was the amount stated in the Notice of Final Assessment. In reliance upon that representation, a check was delivered to the [Department] in the amount of $52,900.21 in full payment of the final assessment. The affidavit of Lisa Renegar, which was provided to the circuit court, is attached hereto as Exhibit A. The Department ... accepted and negotiated the taxpayer’s check and has not, as of the date of the filing of this answer, notified the taxpayer .that any further payment is- due or that the final assessment has not been paid in full. Therefore, the [Department] can *724 not argue that the taxpayer has failed to pay the final assessment.
“2. On October 16, 2003, the taxpayer notified the Secretary of the [Department], by facsimile and regular mail, that an appeal of the final assessment would be filed in the Circuit Court of Montgomery County. A copy of that notice is attached as Exhibit B. The Secretary of the Department ... is a statutory officer of the Department whose duties are specified [in § ] 40-2-3, Code of Alabama 1975 (Exhibit C).
“3. The instructions provided to taxpayers, and to the taxpayer, by the Department ... on the reverse side of [its] Notice of Final Assessment form, provide that notice shall be given to the Secretary of the Department if the taxpayer elects to file its appeal with the circuit court. Those instructions are attached as Exhibit D. The Department ... had actual notice of the [taxpayer’s] appeal to the Montgomery County Circuit Court within the thirty day appeal limit established by the Taxpayers Bill of Rights. The Department’s ALJ had already advised the [taxpayer] that [the ALJ] did not have jurisdiction to determine the constitutionality of a statute.”
The Department sets out the issue presented in this petition as follows:
“Whether the circuit court is bound by the Alabama Supreme Court’s decision in Patterson v. Gladwin Corp., et al., 835 So.2d 137 (Ala.2002), and by numerous other appellate decisions which hold that strict compliance with appeal procedures is necessary to invoke a circuit court’s jurisdiction in a tax appeal?”
The Department specifically contends that the trial court erred in denying its motion to dismiss and that mandamus relief is appropriate based on theories of: (1) sovereign immunity; (2) insufficient notice; (3) failure to pay interest on the amount of the final assessment; and (4) the class-action remedy sought in the taxpayer’s complaint filed in the trial court.
The standard of review applicable to a petition for a writ of mandamus is settled.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998). Our supreme court has also stated:
“Subject to certain narrow exceptions ..., we have held that, because an ‘adequate remedy’ exists by way of an appeal, the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus. See Ex parte Jackson, 780 So.2d 681, 684 (Ala.2000)(quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998), quoting in turn Ex parte Central Bank of the South, 675 So.2d 403 (Ala.1996), for the general rule that ‘ “ ‘a writ of mandamus will not issue to review the merits of an order denying a motion for a summary judgment,’ ” ’ but noting that narrow exceptions exist, such as in cases involving governmental immunity); Ex parte Newco Mfg. Co., 481 So.2d 867, 870 (Ala.1985) (‘In its Mandamus petition as ad *725 dressed to its motion for summary judgment based on the statute of repose contained in the Tennessee products liability act, Newco seeks “to do by mandamus that which can be done on appeal.” ’ (quoting Ex parte South Carolina Ins. Co., 412 So.2d 269 (Ala.1982))); see also Ex parte Mobile County Dep’t of Human Res., 815 So.2d 527 (Ala.2001)(issuing writ of mandamus to reverse an order denying a motion to dismiss asserting defense of immunity); Ex parte Alabama Dep’t of Forensic Sciences, 709 So.2d 455 (Ala.1997) (permitting review by petition for a writ of mandamus in case involving immunity).”
Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala.2002). Because the Department seeks mandamus relief on grounds that include sovereign immunity, we conclude that this court’s jurisdiction has properly been invoked to address the Department’s petition.

Sovereign Immunity

The Department asserted its sovereign immunity to the trial court in its motion to dismiss the taxpayer’s complaint and to this court in its petition for a writ of mandamus. A review of the taxpayer’s complaint, entitled “Class Action Complaint for Declaratory Judgment, Petition for Refund of Taxes and Appeal from Final Order,” demonstrates that the taxpayer requested, in part, “that the [trial court] enter an order ... ordering the refund of all sums paid under [what the taxpayer alleged to be] the unconstitutional law; ordering the payment of reasonable attorney fees and other appropriate relief.”
In Patterson v. Gladwin Corp., 835 So.2d 137 (Ala.2002), our supreme court stated:
“The [Commissioner of the Department of Revenue’s] position — indeed, the centerpiece of her subject-matter jurisdiction argument — is that a direct action in the circuit court seeking a tax refund from the State treasury is barred by the principle of sovereign immunity, as that principle is expressed in Ala. Const.1901, § 14. Section 14 provides: ‘That the State of Alabama shall never be made a defendant in any court of law or equity.’
“The wall of immunity erected by § 14 is nearly impregnable. Sanders Lead Co. v. Levine, 370 F.Supp. 1115, 1117 (M.D.Ala.1973); Taylor v. Troy State Univ., 437 So.2d 472, 474 (Ala.1983); Hutchinson v. Board of Trustees of Univ. of Alabama, 288 Ala. 20, 24, 256 So.2d 281, 284 (1971). This immunity may not be waived. Larkins v. Department of Mental Health & Mental Retardation, 806 So.2d 358, 363 (Ala.2001)(‘The State is immune from suit, and its immunity cannot be waived by the Legislature or by any other State authority.’); Druid City Hosp. Bd. v. Epperson, 378 So.2d 696 (Ala.1979)(same); Opinion of the Justices No. 69, 247 Ala. 195, 23 So.2d 505 (1945)(same); see also Dunn Constr. Co. v. State Bd. of Adjustment, 234 Ala. 372, 175 So. 383 (1937). ‘This means not only that the state itself may not be sued, but that this cannot be indirectly accomplished by suing its officers or agents in their official capacity, when a result favorable to plaintiff would be directly to affect the financial status of the state treasury.’ State Docks Comm’n v. Barnes, 225 Ala. 403, 405, 143 So. 581, 582 (1932)(emphasis added); see also Southall v. Stricos Corp., 275 Ala. 156, 153 So.2d 234 (1963).
“This Court has recognized several .species of action that are not ‘against the State’ for § 14 purposes. They include:
“ ‘(1) Actions brought to compel State officials to perform their legal duties. *726 Department of Industrial Relations v. West Boylston Manufacturing Co., 258 Ala. 67, 42 So.2d 787 [(1949)]; Metcalf v. Department of Industrial Relations, 245 Ala. 299, 16 So.2d 787 [(1944)]. (2) Actions brought to enjoin State officials from enforcing an unconstitutional law. Glass v. Prudential Insurance Co. of America, 246 Ala. 579, 22 So.2d 13 [(1945)].... (3) Actions to compel State officials to perform ministerial acts. Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479 [(1943)], and cases there cited. (4) Actions brought under the Declaratory Judgments Act, [Ala. Code 1975, § 6-6-220 et seq.], seeking construction of a statute and how it should be applied in a given situation.’
“Aland v. Graham, 287 Ala. 226, 229-30, 250 So.2d 677, 679 (1971). ‘In determining whether an action against a state officer is barred by § 14, the Court considers the nature of the suit or the relief demanded, not the character of the office of the person against whom the suit is brought.’ Ex parte Carter, 395 So.2d 65, 67-68 (Ala.1980)(emphasis added).
“Thus, if an action seeking tax refunds is an action against the State within the meaning of § 14, then neither the doctrine of exhaustion of remedies nor the exceptions thereto apply. Such a case presents a question of subject-matter jurisdiction, which cannot be waived or conferred by consent. Sustainable Forests, L.L.C. v. Alabama Power Co., 805 So.2d 681 (Ala.2001); Stringfellow v. State Farm Life Ins. Co., 743 So.2d 439 (Ala.1999); Equity Res. Mgt., Inc. v. Vinson, 723 So.2d 634 (Ala.1998).
“A direct action for a refund of taxes paid to the State is essentially ‘a common law action of indebitatus assumpsit against the State.’ J.R. Raible Co. v. State Tax Comm’n, 239 Ala. 41, 44, 194 So. 560, 561 (1939). Clearly, a judgment in favor of the class, which seeks tax refunds ... would ‘affect the financial status of the state treasury.’ State Docks Comm’n v. Barnes, 225 Ala. at 405, 143 So. at 582 (emphasis added). See also Williams v. Hank’s Ambulance Serv., Inc., 699 So.2d 1230, 1232 (Ala.1997)(a judgment in favor of medical providers requiring reimbursement from the State for services, which payment had been withheld under the State’s erroneous interpretation of federal statutes, would ‘ “directly affect a ... property right of the State,” ’ and, therefore, was barred by § 14); Ex parte Sizemore, 611 So.2d 1069, 1070 (Ala.1993) (an action seeking a refund of income taxes paid on military retirement benefits was an unconstitutional ‘action against the state, seeking as a remedy funds from the state treasury’XHouston, J., dissenting from quashing the writ of certiorari).”
835 So.2d at 142-43. According to our supreme court’s statements in Patterson, supra, we conclude that to the extent that the taxpayer’s complaint — specifically those portions styled as and seeking a tax refund through a “class action complaint for declaratory judgment” and “petition for refund of taxes,” whether filed individually or by a class of similarly situated taxpayers — sought a tax refund, those aspects of its complaint and the relief sought are barred by Alabama Const.1901, § 14.
We additionally note that while the taxpayer did make its payment of the taxes stated on the Department’s final assessment under protest, which would make its declaratory-judgment action one “to determine the disposition of funds held in escrow,” our supreme court in Patterson, supra, determined that “[c]ompliance with the statutory procedure for obtaining a refund of payments made pursuant to an illegal tax [is] ... necessary and jurisdie- *727 tional.” 835 So.2d at 149. Therefore, we now examine whether the taxpayer indeed complied with the statutory procedure to appeal the Department’s final assessment.

Insufficient Notice

The Department contends that the taxpayer did not file notice with its Administrative Law Division as required by § 40-2A-9(g)(l), Ala.Code 1975. The taxpayer contends it followed the instructions given it by the Department. The final assessment that the Department sent to the taxpayer, in compliance with § 40-2A-4(4), Ala.Code 1975, provided:
“FINAL ASSESSMENT APPEAL RIGHTS
“The Alabama Taxpayers’ Bill of Rights and Uniform Revenue Procedures Act guarantees you certain rights of appeal regarding your final assessment. If you intend to appeal your final assessment, you must do so within thirty (30) days from the date of issuance.
“An appeal may be made in one of the following two ways; you must choose one way and follow the instructions exactly.
“1. You may appeal your final assessment to the Administrative Law Division of the Department of Revenue. To do so, you must notify the Administrative Law Judge in writing of your intent to appeal.... File your appeal with the Administrative Law Judge at the following address:
“Alabama Department of Revenue
“Administrative Law Division
“PO Box 320001
“Montgomery AL 36132-0001
“2. In the alternative, you may elect to appeal your final assessment to the circuit court....
“If you choose to appeal to circuit court, you must file your written notice of appeal within thirty (30) days of the final assessment date with both the Secretary of the Alabama Department of Revenue and the clerk of the circuit court in the county where you file your appeal. Mail the Revenue Department’s copy to the following address:
“Secretary of the Department
“Alabama Department of Revenue
“PO Box 327001
“Montgomery AL 36132-7001
“Additionally, if you elect to appeal to the circuit court, you must either pay the assessment in full or post a super-sedeas bond with the court in double the amount of the assessment.
[[Image here]]
“IMPORTANT: IF YOU HAVE ANY QUESTIONS REGARDING YOUR FINAL ASSESSMENT OR IF YOU WANT PAYMENT INFORMATION, YOU SHOULD CALL THE TELEPHONE NUMBER PROVIDED WITH YOUR FINAL ASSESSMENT.”
(Capitalization in original.) These alternatives are the same as the procedures to appeal from a final assessment set out in § 40-2A-7(b)(5), Ala.Code 1975.
As stated in the facts presented by the Department, to which the taxpayer is in agreement, upon receipt of the final assessment the taxpayer followed the first alternative provided above — it filed an appeal to the Department’s Administrative Law Division, which is governed by the procedures set out in § 40-2A-9, Ala.Code 1975. An administrative law judge (“ALJ”) subsequently dismissed the appeal based upon the Department’s position that the ALJ did not have the jurisdiction to entertain the taxpayer’s constitutional challenge. Then, the taxpayer resorted back to the instructions above and followed *728 the directions relating to the second alternative that was provided.
Thus, we must determine whether the taxpayer could reasonably choose to utilize the methods set out in the Department’s instructions that were sent with the final assessment rather than, after having its appeal dismissed by the Department’s ALJ, following the methods set out in § 40-2A-9(g), Ala.Code 1975.
Section 40-2A-9(g) states:
“(g) Appeals to circuit court.
“(1) Either the taxpayer or the department may appeal to circuit court from a final order issued by the administrative law judge by filing a notice of appeal with the Administrative Law Division and with the circuit court within 30 days from the date of entry of the final order. Any appeal by the department shall be filed with the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama. If the taxpayer neither resides in Alabama nor has a principal place of business in Alabama, the appeal may be made to the Circuit Court of Montgomery County, Alabama. Any appeal by the taxpayer may be taken to the Circuit Court of Montgomery County, Alabama, or to the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama. If the appeal to circuit court is by a taxpayer from a final order involving a final assessment, the taxpayer, at the time of filing the appeal, shall pay the amount stated in the final order of the administrative law judge, plus applicable interest, or the taxpayer may execute a supersedeas bond, which shall be executed by a surety company licensed to do business in Alabama, in double the amount stated as due in the final order of the administrative law judge, including tax, interest, and any applicable penalty, payable to the state and conditioned to pay the amount stated in the final order plus applicable interest due the state and any court cost relating to the appeal. If a taxpayer can show to the satisfaction of the clerk of the circuit court to which the appeal is taken that he or she has a net worth (based on fair market value) of twenty thousand dollars ($20,000) or less, including his or her homestead, then the taxpayer may make an appeal without either paying the tax in full or posting a supersedeas bond in double the amount of the assessment. The circuit court shall dismiss any appeal that is not timely filed with the Administrative Law Division and the circuit court as herein provided, or, concerning appeals from final assessments, if the amount of the assessment upheld by the final order of the administrative law judge is not timely paid in full or a supersedeas bond is not timely filed as herein required.”
This court has recently stated, in pertinent part:
“[Ujnder § 40-2A-9(g)(l), a notice of appeal from a final order of an ALJ must be filed not only in the appropriate circuit court but also with the [Administrative Law Division] within 30 days from the date of entry of the final order, and the circuit courts have been directed by the Legislature to ‘dismiss any appeal that is not timely filed with the Administrative Law Division and the circuit court’ (emphasis added [in Morton] )....
“It is well settled under Alabama law that the failure of an appellant to timely file a notice of appeal with the appropriate Department agent as specified by statutes governing tax appeals results in a jurisdictional defect and prevents the circuit court from entering a valid judgment. ...
*729 [[Image here]]
“Because the taxpayers ‘failed to comply with the requirements of § 40-2A-9(g)(1), the trial court lacked jurisdiction over [their] appeal, and its judgment is void.’ State Dep’t of Revenue v. Garner, 812 So.2d 380, 385 (Ala.Civ.App.2001).”
Alabama Dep’t of Revenue v. Morton, 892 So.2d 940, 943 (Ala.Civ.App.2004)(fírst emphasis added).
Accordingly, we conclude that it was not reasonable for the taxpayer to rely on the procedures originally provided with the Department’s final assessment and that after initiating an appeal pursuant to those procedures, it should have then followed the statutory procedures for appealing from an ALJ’s final order that are set out in § 40-2A-9(g)(l), Ala.Code 1975. This it failed to do, and the trial court thus had no jurisdiction to act upon the taxpayer’s appeal. Accordingly, the trial court erred by failing to dismiss the taxpayer’s complaint as requested by the Department and, therefore, the Department’s petition for the writ of mandamus is granted.
PETITION GRANTED; WRIT ISSUED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, with writing.