WISEMAN *v.* ARKANSAS WHOLESALE GROCERS' ASSOCIATION.

4-4282

Opinion delivered February 24, 1936.

*Carl E. Bailey*, Attorney General, *Thomas Fitzhugh*, Assistant, and *Millard Alford*, for appellant.

*E. B. Dillon, Rowell, Rowell & Dickey* and *S. S. Jefferies*, for appellee.

MEHAFFY, J. This suit was begun in the Pulaski Chancery Court by the Arkansas Wholesale Grocers' Association to restrain Earl R. Wiseman, Commissioner of Revenues of the State of Arkansas, from collecting the sales tax on sales made by wholesale grocers to retail merchants of wrapping paper, paper bags, and twine. The following is the complaint filed by appellees.

"Plaintiff states that plaintiff is an unincorporated association of wholesalers and jobbers, resident of the State of Arkansas, with a membership of approximately fifty members located and domiciled in various cities and towns throughout the State and engaged in the sale by wholesale to retail merchants, among other things, of wrapping paper, paper bags and twine, and brings this suit for and on behalf of the members of plaintiff association and as representative of a class for all jobbers and wholesalers in Arkansas engaged in selling, at wholesale to retailers wrapping paper, paper bags and twine.

"Plaintiff further states that said defendant is the duly qualified and acting Commissioner of Revenues of the State of Arkansas, and, as such Commissioner, did, in October, 1935, issue and promulgate a ruling that all wholesale houses in Arkansas selling 'such materials as Coca-Cola glasses, fountain straws, paper napkins, vinegar pumps, wrapping paper, paper bags and twine, etc., to the merchants for use, will be required to collect the sales tax and report same.'

"Plaintiff further states that said ruling by said Commissioner was made, and the collection of a Sales Tax is now being enforced, by said Commissioner upon wrapping paper, paper bags and twine by the purported authority of act No. 233 of the Acts of the General Assembly of the State of Arkansas for the year of 1935.

"Plaintiff further states that the wrapping paper, paper bags and twine upon which said Commissioner has ruled that he is entitled to collect a sales tax, and upon which he is now collecting a sales tax, are sold and disposed of in the following manner: The wrapping paper, paper bags and twine are sold at wholesale to various and sundry retail merchants in the State of Arkansas, and they are used by said retail merchants for the purpose of wrapping up, tying and as containers for various and sundry articles of merchandise purchased by the customers of said retail merchants.

"Plaintiff states that no sales tax is due the State of Arkansas upon wrapping paper, paper bags or twine as above described, for the two following reasons:

"1. The said sales tax, namely, aforesaid Act No. 233, is a tax upon consumption, or the ultimate consumer, and that wrapping paper, paper bags and twine sold as above described are sold for resale by the retailer, and are resold by the retailer to his customer although no specific charge is made for wrapping paper, paper bags or twine.

"2. That wrapping paper, paper bags and twine sold in the above manner are, under the definition set out in said act No. 233, materials used for processing and, under the provisions of said act, are not subject to a sales tax.

"Plaintiff further states that said defendant is now wrongfully, illegally and without authority of law collecting a sales tax upon wrapping paper, paper bags and twine sold by plaintiff in a manner aforesaid, and will continue to collect said sales tax unless enjoined by this court.

"Plaintiff further states that he has no complete or adequate remedy at law for the wrongful collection by said defendant of said sales tax upon said wrapping paper, paper bags and twine.

"Wherefore, plaintiff prays that an injunction be granted by this court, restraining and prohibiting said defendant from collecting any Sales Tax upon the sale by a wholesaler to a retailer on wrapping paper, paper bags and twine to be used in the regular course of his business in the manner heretofore set out, and for all other proper relief.

"Signed,
"E. B. Dillon,
"S. S. Jeffries,
"Solicitors for Plaintiff."

The following demurrer was filed by the appellant:

"The defendant, Earl R. Wiseman, Commissioner of Revenues, demurs to plaintiff's complaint filed herein because said complaint on its face does not state facts sufficient to constitute a cause of action.

"Signed, Millard Alford, Attorney for Defendant.

"Thomas Fitzhugh, Assistant Attorney General."

The court overruled the demurrer and appellant declined to plead further, and the court entered a decree finding that act 233 of the Acts of the General Assembly of the State of Arkansas for the year 1935 does not impose a sales tax upon wrapping paper, paper bags or twine sold by a wholesaler or jobber to a retail merchant, to be used by said retail merchant in the regular course of his business for the purpose of wrapping up, tying, and as a container for various and sundry articles of merchandise purchased by the customers of said retail merchants. The court restrained Earl R. Wiseman, Commissioner of Revenues, from collecting or attempting to collect any sales tax upon the above-named articles.

Act 233 of the Acts of 1935 is styled, "Arkansas Emergency Retail Sales Tax Law." Paragraph (b) 1 of § 3 of said act reads as follows:

"(b) 1. The term 'sale at retail' shall mean any transaction, transfer, exchange, or barter by which is transferred for a consideration the ownership or any personal property, thing, commodity and/or substance, and/or the furnishing, or selling for a consideration any of the substances and things hereinafter designated and defined, which such transfer, exchange, or barter is made in the ordinary course of the transferor's business and is made to the transferee for the consumption or use or for any other purpose than for resale. The term 'sale at retail' includes conditional sales, installment lease sales, and any other transactions when the title is retained as security for the purchase price, but is intended to be transferred later. 'Sale at retail' shall not include sales of materials for further processing."

Paragraph (i) of § 3 of the act reads as follows:

"(i) The test of a sale at retail is whether the sale is to a consumer for use and not for resale. Sales of goods which, as ingredients or constituents, go into and form a part of the tangible personal property for resale by the buyer are not within the act; also sale of tangible personal property where other property is accepted as part of purchase price, such personal property so accepted to be resold, is not subject to tax."

The only question for our determination is whether, under act 233, wrapping paper, paper bags and twine are sold to the retail merchant for resale.

The appellee stated in its complaint: "The wrapping paper, paper bags and twine upon which said Commissioner has ruled that he is entitled to collect a sales tax and upon which he is now collecting the sales tax are sold and disposed of in the following manner: The wrapping paper, paper bags and twine are sold at wholesale to the various and sundry retail merchants in the State of Arkansas, and they are used by said retail merchants for the purpose of wrapping up, tying, and as containers for various and sundry articles of merchan-

dise purchased by the customers of said retail merchants.''

The appellee also states in its complaint that the articles mentioned ''are resold by the retailer to his customer, although no specific charge is made for wrapping paper, paper bags and twine.''

As a matter of fact, these articles are used by the retail merchant in the conduct of his business, and are absorbed by the dealer in the reasonable conduct of his business. That is, they are taken care of out of his profits, and not added to the selling price. If a merchant should purchase a truck from the wholesale merchant to be used in the delivery of goods and merchandise, the fact that he used the truck would require that the price of it be absorbed out of his profits in the reasonable conduct of his business, but no one would say that he bought it for resale. It is a matter of common knowledge that the price of the trucks, scales, showcases, wrapping paper, paper bags and twine are all taken care of in the same way.

The statute imposes a tax upon that which is consumed and used, and exempts only that which is sold for resale. The Illinois court said: ''This act is not limited to persons whose only business is keeping a store or otherwise disposing of personal property in small quantities for use or consumption at a given location, after having bought their merchandise, goods, wares or chattels from those who sell in large quantities. If any one sells tangible personal property for use or consumption, and not for resale, and does so not occasionally, but as a business or occupation, regardless of how he acquires title to the thing sold or who has produced it, his occupation is covered by this act.'' *Franklin County Coal Co.* v. *Ames*, 359 Ill. 178, 194 N. E. 268.

The court in the same case also said: ''Turning to the contention of the appellants that theirs is a wholesale and not a retail business, this act defines sales at retail as 'any transfer of the ownership of or title to tangible personal property to the purchaser for use or consumption, and not for resale in any form as tangible personal property'.''

In the above case there was a sale of coal, and the contention was made, not only that the company produced the coal, but that they sold it at wholesale. The quantities of goods sold, or prices at which they are sold are immaterial in determining whether or not a sale is at retail, within this act, because the act itself provides that the term "sale at retail" shall mean any transaction, transfer, exchange or barter by which is transferred for a consideration the ownership of any personal property, thing, commodity or substances, or the furnishing or selling for a consideration any of the substances and things designated and defined in the act, and it makes no difference whether this is sold in large or small quantities, nor by whom it is sold, if it is sold to the transferee for consumption or use, or any other purpose than resale.

Retail sales have been defined as sales to consumers, rather than to dealers, or merchants for resale. It is not contended that the retail merchant is engaged in selling paper bags, paper or twine. In fact the appellee states that there is no fixed price for these articles. There is no fixed price because there is no sale by the retail merchant, but the articles are used and consumed by the retail merchant in the reasonable conduct of his business.

This court has defined "sale" as follows: "A sale is a contract for the transfer of property from one person to another for a valuable consideration."

In the instant case, however, it is conceded that there is no fixed price for the above-mentioned articles. These articles are not only used by the merchant in the conduct of his business, but they often carry advertisements.

The Alabama court said, in speaking of sales tax: "It may be said to be common knowledge that tax burdens of all kinds are figured by every business in connection with, or as a part of its overhead expense, and prices fixed to yield a net profit. The consumer pays the tax." *Woco Pep Co. of Montgomery* v. *City of Montgomery,* 219 Ala. 293, 121 So. Rep. 64.

The court in that case also said: "The usual idea of 'absorbed by the dealer' is taken care of out of his profits and not added to the selling price."

In construing statutes it is the duty of the courts to give them a reasonable, sensible interpretation, and where the language is clear and unambiguous, it is only for the courts to obey and enforce the statutes. *Boyer-Campbell* v. *Fry,* 271 Mich. 282, 260 N. W. 265, 98 A. L. R. 827.

"In all cases of doubt as to the legislative intention or as to the inclusion of particular property within the terms of the statute, the presumption is in favor of the taxing power, and the burden is on the claimant to establish clearly his right to exemption, bringing himself clearly within the terms of such conditions as the statute may impose." *Wiseman* v. *Madison Cadillac Co.,* 191 Ark. 1021, 88 S. W. (2d) 1007; 61 C. J. 391; *Brodie* v. *Fitzgerald,* 57 Ark. 445, 22 S. W. 29; 26 R. C. L. 313 *et seq.;* 2 Cooley on Taxation, (4th ed.) 1403, § 672.

Our conclusion is that the sales of the articles mentioned were made to the retail merchant for consumption and use, and not for the purpose of resale.

The decree of the chancery court is reversed, and the cause is remanded with directions to sustain the demurrer and dismiss the complaint.