180 So. 324

**CITY PAPER CO. et al. v. LONG et al.**

**3 Div. 243.**

Supreme Court of Alabama.

Feb. 10, 1938.

Rehearing Denied April 21, 1938.

A. A. Carmichael, Atty. Gen., Walter J. Knabe, Asst. Atty. Gen., and H. L. Anderton, of Birmingham, for appellees.

Bradley, Baldwin, All & White, Douglas Arant, and W. M. Neal, all of Birmingham, for appellants.

BROWN, Justice.

This appeal is from a decree of the circuit court sitting in equity, entered in a proceeding instituted by appellants under the Declaratory Judgment Act, approved September 7, 1935, Gen.Acts 1935, pp. 777–779, declaring and adjudging: "That sales made by the complainants, in the State of Alabama of wrapping paper, twine, paper bags, paper cartons and other paper containers and similar articles to licensed retail merchants, jobbers, dealers, manufacturers, or other wholesalers, for use by the purchasers

as containers or wrapping of tangible personal property,. which such purchasers sell to their customers and the title to which such wrapping paper and other articles passes to the customers at the same time as the merchandise contained therein, are taxable under the Alabama Retail Sales Tax Act," and denying an injunction restraining and enjoining the State Tax Commission from the collection of the tax.

The complainants, appellants here, as the bill alleges, are each "engaged in the business of selling at wholesale to licensed retail merchants, jobbers, dealers, manufacturers or other wholesalers," the articles enumerated in the decree; "which articles are *used by the purchasers as containers or wrapping for tangible personal property, which such purchasers sell to consumers and other of their customers.* When said tangible personal property is sold by the said purchasers to their customers, it is enclosed or wrapped in containers or paper wrapping, which complainants have sold as aforesaid *for this purpose,* and the title to said containers or wrapping passes from the said persons who have purchased from complainants to the buyers from said purchasers at the same time and in the same manner as the title to the merchandise contained in said container or wrapping passes. Before the said purchasers from complainants can sell and deliver to their customers tangible personal property enclosed or wrapped as aforesaid, *it is necessary that they wrap or enclose same in containers or wrapping, as otherwise the customers of said purchasers would not purchase said tangible personal property, and also, in nearly all instances, there is no practical way by which the delivery of said tangible personal property can be made to the customers of said purchasers, unless enclosed in containers or wrapping.* When the purchasers of the above enumerated articles from complainants sell and deliver merchandise to their customers [or to the ultimate consumers] in the State, the cost of said containers and wrapping is included in their sales price and the 2% Sales Tax is collected thereon and is remitted to the State Tax Commission." (Italics supplied.)

The alternative averment in brackets, if intended to denominate the purchaser from the retailer as the ultimate consumer of the cartons and wrappings of merchandise sold by them as the ultimate consumer of such cartons and wrappings, it is treated here as the·mere conclusion of the pleader.

The stipulation of facts on which the case was submitted sustains the foregoing quoted averments with this exception. The stipulation appears in the reporter's statement of the case.

The contention of the appellants, in short, is that the sales made by complainants to their customers—the retailer and jobbers, etc.,—are sales for resale, and such retailers and jobbers are not the ultimate consumers of such cartons and wrappings.

The basis of this contention is the fact that the cost of such cartons and wrappings to the retailer and jobber is figured into the composite price of the merchandise which the retailer and jobber sell to their customers.

This court in interpreting and applying the Sales Tax Act, Gen.Acts 1936–37, Extra Session, pp. 125, 128, in Lone Star Cement Corporation et al. v. State Tax Commission et al., 234 Ala. 465, 175 So. 399, 401, observed that:

"The tax applies to persons, firms, or corporations 'engaging or continuing in business as a retailer and wholesaler or jobber,' and the amount is computable on the gross receipts of the business unless 'books are kept so as to show separately, the gross proceeds of sale of each business,' that is, so as to show separately the gross receipts. of the retail sales, and the gross receipts of wholesale sales. Luxury Tax Act, § 2.

"[1] The tax is imposed, not by said section 2, standing alone, but by the act, and. to ascertain the legislative intent, the act is to be considered ·as a whole in the light of existing facts and conditions, *known to all men, and, of which courts take judicial notice."* (Italics supplied.)

"Section 1 of the·act defines words and. phrases used therein. Subsection (h) provides: 'The term "wholesale sale" or "Sale at wholesale" means a sale of tangible personal property by wholesalers to licensed retail merchants, jobbers, dealers, or other wholesalers for resale *and does not include* a sale by *wholesalers to users or consumers,. not for resale.* The term "wholesale sale" shall include a· sale of tangible personal. property or products ·to a manufacturer, mine, quarry operator, or compounder which enters into and becomes an ingredient or component part of *the tangible personal property or products which he .manufac-- tures* and machinery used in such compounding, mining, quarry operator, manufacturing, .or processing.' (Italics supplied.)

"This definition of 'wholesale sales' clearly excludes sales by a manufacturer *to a* *consumer for his own uses* unless the commodity sold is used in producing 'tangible personal property' or 'machinery used in such compounding.'

"Subsection (i) of section 1 defines 'sale at retail' or 'retail sale' as 'all sales of tangibles personal property except those above defined as wholesale sales.' [In Subsection h]. The quantities of goods sold or prices at which sold are immaterial in determining whether or not a sale is at retail, except as herein expressly provided. * * *

"This subsection clearly discloses a legislative intent to make gross receipts from sales of commodities which are *consumed by the purchaser* or so used as to destroy such commodity as a constituent element of 'tangible personal property,' the resale of which is itself subject to the tax, [and] a basis of computation of the tax." (Italics supplied.)

In that case it was held that the clear legislative intent was to make the gross receipts by the seller to the consumer the basis of computing the tax.

The holding in that case has been recently reaffirmed in Wood Preserving Corporation v. State Tax Commission, 179 So. 254, ante, p. 438.

It is not controverted, but admitted by the averments of the bill, that the goods which complainants sell to their customers, the retailer, jobber, etc., are *used* in the retail business as wrappings and cartons of the merchandise sold by them. Therefore, applying the rule of common sense in the light of common knowledge as to the practice and method of sales by such retailers, etc., it is clear beyond a shadow of doubt that the commodities which complainants sell, as alleged in the bill, are not sold for resale, and are not in fact sold by the retailers to their customers. Such wrappings and cartons are used by the retailer for the purpose for which they were intended, and when delivered by the retailer to their customers become waste, and the fact that the cost to the retailer is figured into the composite price and delivered with the articles of specified personal property inclosed or wrapped therein is wholly immaterial. These are used, and, for all practical purposes, consumed by the retailer and jobber as an incident to their business, and the cost to them is figured in as a part of the overhead expense of the business. Wiseman v. Arkansas Wholesale Grocers' Association, 192 Ark. 313, 90 S.W.2d 987.

The constitutional questions suggested are fully considered and determined adversely to the appellants in Frazier v. State Tax Commission, 234 Ala. 353, 175 So. 402, 110 A.L.R. 1479.

The decree of the circuit court is sound and is due to be affirmed. It is so ordered by this court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.