188 So. 873

### DURR DRUG CO. v. LONG et al.

### 3 Div. 289.

Supreme Court of Alabama.

May 4, 1939.

Rehearing Denied May 25, 1939.

Benners, Burr, McKamy & Forman and Frontis H. Moore, all of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., John W. Lapsley, Counsel, of Montgomery, and J. Edw. Thornton, Asst. Counsel, of Birmingham, Department of Revenue, for appellees.

BROWN, Justice.

The question presented by this appeal is whether or not Act No. 126 approved

February 23, 1937, Acts 1936–1937, Special Session, p. 125, levies. a 2% tax:

(1) On the sale of cardboard powder boxes, pill boxes, bottles, jars and similar containers sold by wholesale druggists to retail druggists, and used by them as containers in the sale and delivery of drugs and medicine to their customers?

(2) Whether or not a tax is levied by subsection (d) § 2 of said Act for the use, by wholesale druggists, of bottles purchased out of the State and brought into the State and used by such purchasers as containers for medicine and drugs compounded by them in Alabama?

The circuit court ruled that the tax was levied by said Act on both subjects, and that appellant was liable to account therefor.

After mature consideration we are of opinion that the circuit court ruled correctly.

■ The ruling as to the first subject is supported and controlled by City Paper Co. et al. v. Long et al., 235 Ala. 652, 180 So. 324. The holding in that case is supported by the weight of authority of Wiseman v. Arkansas Wholesale Grocers' Association, 192 Ark. 313, 90 S.W.2d 987; Warren v. Fink, 146 Kan. 716, 72 P.2d 968; People v. Monterey County Ice & Development Co., Cal.App., 84 P.2d 1069.

The use by the retail druggist in the manner indicated by the stipulation of fact destroys the economic value of said containers, and is tantamount to a consumption thereof.

Medicine cartons, pill boxes and medicine bottles, after they have been used and labeled in the sale of medicine, as a matter of common knowledge, have no resale value. In fact and law the inclusion of the costs of such containers in the price of the medicines sold is not a resale, but is the method of passing the cost of such containers in the price to the customers of the retailer.

We have read, with interest, the two opinions rendered in McCarroll Com'r of Revenues v. Scott Paper Box Co. et al., 195 Ark. 1105, 115 S.W.2d 839, and it occurs to us that the dissenting opinion is. supported by reason and logic, and that the majority opinion is in conflict with Wiseman case, by the same court. Moreover, the definition of the term "Sale at retail" in the Arkansas statute, is different from the definition given by our statute. So, also, a sale by a wholesaler to a consumer is not a wholesale sale exempt from the tax.—Act 126, § 1, Subsection (h), p. 125.

■ As to the second subject the statute provides: "(d) A situs is hereby declared to exist for the purpose of this Act and there is hereby levied a tax of two per cent on the fair market value of goods, wares and merchandise, motor vehicles, radio receiving sets, phonograph mechanisms, and all articles of trade imported or brought into this State by any consumer on which the tax herein levied has not been paid; provided, said goods, wares and merchandise have terminated their movement into the State of Alabama and the original package in which they were imported has been broken and they have been within the confines of the State of Alabama for a period of more than twenty-four hours prior to their consumption by the importer thereof." Page 127.

The use of the bottles by the wholesaler in the manner, indicated by the stipulation of facts, makes it a consumer. This phase of the case is controlled by National Linen Service Corporation v. State Tax Commission, ante, p. 360, 186 So. 478.

■ We do not regard the interpretation of the Act as difficult or doubtful, therefore the single ruling of the Tax Commission to the contrary is of no consequence. The State is not estopped to insist upon the accounting. State v. Tuscaloosa Building & Loan Ass'n, 230 Ala. 476, 161 So. 530, 99 A.L.R. 1019.

The decree of the circuit court is free from error and is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.