190 So. 86

**BIRMINGHAM PAPER CO. v. CURRY et al.**

**3 Div. 288.**

Supreme Court of Alabama.

June 8, 1939.

---

[1] 237 Ala. 201.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley, Counsel, and J. Edw. Thornton, Asst. Counsel, Department of Revenue, for appellees.

THOMAS, Justice.

The bill filed was for a declaratory judgment.

The agreement of counsel recites the change of the State Tax Commission to the State Department of Revenue, and stipulates that John C. Curry as Commissioner of Revenue and as the Chief Executive Officer of the State Department of Revenue be substituted for the appellee in this cause and that this cause proceed with John C. Curry as appellee herein in all respects as though this action had been brought against him in the first instance.

The final decree was to the effect the demurrer of the respondents "be and the same is hereby overruled." And further "That sales made by the complainant, Birmingham Paper Company, a corporation, in the State of Alabama of its paper boxes, cartons and containers which are sold to other manufacturers for the boxing or packaging of manufactured products, are taxable under the Alabama Retail Sales Tax Act." That the prayer of the bill to restrain and enjoin enforcement of "said Act and the collection of said tax against said complainant be and the same is here-

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellant.

by denied." And that complainant should pay the costs of this proceeding.

■ The assignments of error and the argument of appellant's counsel challenge this action of the trial court. The trial was had on testimony taken ore tenus before the judge rendering such final decree. The recognized presumptions of verity obtain and support the decree. Hodge v. Joy, 207 Ala. 198, 92 So. 171.

It is averred that complainant's rights are affected by certain statutes of the State of Alabama, towit: "An Act To further provide for the general revenue of the State of Alabama, and to repeal an Act entitled 'To be entitled an Act to amend an Act entitled, "An Act to provide for the general revenue of the State of Alabama, approved July 10, 1935" by adding Schedule 155.4A and Schedule 155.4B to Section 348 of said Act, approved December 17, 1936.' " General and Local Acts of Alabama Extra Session 1936–37, pp. 125–142. It is further averred that complainant desires "to obtain a judicial declaration of its rights, status, and/or other legal effect of said statute as same relates to complainant."

Complainant further avers that:

"The purport of the Act appears to be to levy a sales tax on certain sales of commodities at retail, and contains definitions referable to wholesale sales as distinguished from sales at retail, which are also defined. The last sentence of paragraph (h) of Section 1 reads:

" 'The term "wholesale sale" shall include a sale of tangible personal property or products to a *manufacturer* mine, quarry operator, or compounder which enters into and becomes an ingredient or component part of the tangible personal property or products which he *manufacturers* [manufactures] and machinery used in such compounding, mining, quarry operator, manufacturing, or processing.'

"Paragraph (i) states:

" 'The term "sale at retail" or "retail sale" shall mean all sales of tangibles personal property except those above defined as wholesale sales.' (tangible)

"Section 2(a) reads as follows:

" '(a) Upon every person, firm or corporation engaged or continuing within this State in business of selling at retail any tangible personal property whatsoever, including merchandise and commodities of every kind and character (not including, however, bonds or other evidences of debt or stocks) an amount equal to two per cent of the gross proceeds of sales of the business, except where a different amount is expressly provided herein.' "

Complainant is engaged in manufacturing paper cartons, containers and boxes for the purpose of selling them to manufacturers of various products and commodities, who "package said commodities and products in them for sale as a manufactured product."

It is noted that the Legislature did not define retail sales except by reference to the definition of sales in wholesale lots and the exceptions therefrom.

■ It is established that it is the duty of the Court to seek the Legislature's intent in construing a statute. Storrs v. Heck, as Comptroller, Ala.Sup., 190 So. 78;[1] State ex rel. Ellis v. Greggs, 227 Ala. 681, 151 So. 850; Abramson v. Hard, 229 Ala. 2, 155 So. 590; Union Bank & Trust Co. v. Blan, 229 Ala. 180, 155 So. 612; Watson v. Clayton, 230 Ala. 59, 159 So. 481; Baker v. Singleton, State Comptroller, 237 Ala. 394, 187 So. 478.

■ In ascertaining a dubious legislative intent, weight will be given to the practical effect which a proposed construction of a statute will have. Shepherd v. Clements, 224 Ala. 1, 141 So. 255; Worthen v. State ex rel. Verner et al., 189 Ala. 395, 66 So. 686.

■ A statute, the meaning of which is doubtful, should be given rational, sensible and liberal construction in view of the relief to be awarded. Mobile Liners v. McConnell, 220 Ala. 562, 126 So. 626; Abramson v. Hard, 229 Ala. 2, 155 So. 590.

■ The Court in determining the Legislature's intention in construing statutes, in the establishment of uniformity in the law, and to give rational construction to doubtful meanings of words and phrases employed, may look to other provisions of the same act, consider its relation to other statutory and constitutional provisions, *view its history* and the *purposes sought to be accomplished* and look to the previous state of law and to the defects intended to be remedied. Storrs v. Heck, supra; Watson v. Clayton, 230 Ala. 59, 159 So. 481; Shep-

herd et al. v. Clements, 224 Ala. 1, 141 So. 255.

Such are well recognized rules of statutory construction and the application that is invoked in the instant decision.

 This effect we have tried to give and did apply in the recent decisions of City Paper Co. et al. v. Long et al., 235 Ala. 652, 180 So. 324; Durr Drug Company, a Corp. v. Henry S. Long, et als., Ala.Sup., 188 So. 873, 874.[1] In the last cited authority the observation is made that:

"The use by the retail druggist in the manner indicated by the stipulation of fact destroys the economic value of said containers, and is tantamount to a consumption thereof.

"Medicine cartons, pill boxes and medicine bottles, after they have been used and labeled in the sale of medicine, as a matter of common knowledge, have no resale value. In fact and law the inclusion of the costs of such containers in the price of the medicines sold is not a resale, but is the method of passing the cost of such containers in the price to the customers of the retailer.

"We have read, with interest, the two opinions rendered in McCarroll Com'r of Revenues v. Scott Paper Box Co. et al., 195 Ark. 1105, 115 S.W.2d 839, and it occurs to us that the dissenting opinion is supported by reason and logic, and that the majority opinion is in conflict with Wiseman case [Wiseman v. Arkansas Wholesale Grocers' Ass'n, 192 Ark. 313, 90 S.W. 2d 987], by the same court. Moreover, the definition of the term 'Sale at retail' in the Arkansas statute, is different from the definition given by our statute. So, also, a sale by a wholesaler to a consumer is not a wholesale sale exempt from the tax. —Act 126, § 1, Subsection (h).

\* \* \* \* \* \*

"The use of the bottles by the wholesaler in the manner, indicated by the stipulation of facts, makes it a consumer. This phase of the case is controlled by National Linen Service Corporation v. State Tax Commission, 237 Ala. 360, 186 So. 478."

Such is the effect of the evidence in the instant case.

This, in a sense, is a rehearing of the foregoing construction and applications of our instant statute. We entertain the views there expressed that the same should be adhered to and in no wise modified. Such was the decree of the trial court which is here affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

