DERMOTT GROCERY & COMMISSION COMPANY v. HARDIN, COMMISSIONER OF REVENUES.

4-6576                        156 S. W. 2d 882

Opinion delivered December 22, 1941.

*Robert W. Griffith,* for appellant.

*Elsijane Trimble* and *Leffel Gentry,* for appellee.

*Owens, Ehrman & McHaney, amici curiae.*

Holt, J. Appellant seeks to enjoin appellee, the Commissioner of Revenues for the state of Arkansas, from collecting a two per cent. sales tax on the gross proceeds derived from the sales by it to retail merchants of paper boxes, paper bags, twine, wrapping paper, and other materials to be used by the merchants for the purpose of delivering merchandise sold by them to their customers. As grounds for the relief sought, the complaint alleged that the commodities mentioned were neither used nor consumed by the retail merchants to whom they were sold, but were resold by the retailer; that the commodities were sold by plaintiff to the retail merchants for resale; and ''that the paper boxes, paper bags, twine, wrapping paper, ice cream and food containers and other paper materials used as containers become a component part of the packaged articles and that they merge into and become an element in the cost of the final article sold by the retailer to the housewife, consumer or other final purchaser; . . . that it does not change the form of the paper boxes, paper bags, twine, wrapping paper, ice cream and food containers and other paper material used as containers which it sells to the retailers for resale.''

It further alleged that it was not subject to the tax under the provisions of act 386 of 1941, ''The Gross Sales Act'' now in effect; that the attempt of the Revenue Commissioner to collect the tax will result in double taxation, unlawful discrimination against appellant, and that the imposition and collection of the tax contravenes appellant's rights under the 14th Amendment to the

Constitution of the United States and § 2, art. 2, of the Constitution of the state of Arkansas.

Appellee's answer denied all material allegations.

Upon a trial the court found the issues in favor of appellee and dismissed appellant's complaint for want of equity. The effect of this decree was to hold that the sales in question were not sales for resale. Appellant has appealed.

The sole question presented here is whether the sales of these commodities (the wrapping paper, paper sacks, etc.) mentioned by appellant, to retail merchants were sales for resale and therefore exempted from the tax provided in the gross receipts tax law (act 386 of 1941).

The record establishes the following facts: The commodities named in the complaint, which appellant sold to retail merchants, were used by the retailer in wrapping or packaging merchandise sold to customers. In no instance of sale was a specific or separate charge made by the merchant for the commodity, or commodities, so used in wrapping or packaging the merchandise. The buyer of the merchandise from the retail merchants paid no greater amount for the articles of merchandise by reason of the commodities used by the merchants in wrapping or packaging the merchandise than would have been paid had the merchandise been delivered to the customer without using such commodities as paper sacks, paper boxes, wrapping paper, etc., except in instances where articles were sold by weight, in which event the wrapping paper, paper boxes or bags, as the case may be, on certain occasions, but not all, were weighed along with the article sold and the selling price of the merchandise was determined from the total weight of the article together with the wrapping paper, paper bag, paper box, paper sack, or other container.

Act 233 of 1935, the original sales tax law, was superseded by act 154 of 1937, and this later act as amended by act 364 of 1939, was in effect until July 1, 1941, when the present act 386 of 1941, known as the Gross Receipts Tax Act, became effective. Those provisions of act 233 of 1935 exempting sales for resale from the tax are in

effect similar to the provisions in act 386 of 1941, which is now in force.

Subsection (i) of § 3 of act 233 of 1935 provides: "The test of a sale at retail is whether the sale is to a consumer for use and not for resale. Sales of goods which, as ingredients or constituents, go into and form a part of the tangible personal property for resale by the buyer are not within the act; also sale of tangible personal property where other property is accepted as part of purchase price, such personal property so accepted to be resold, is not subject to the tax."

Subsection (i) of § 4 of the present Gross Receipts Tax Law, act 386 of 1941, provides: "Gross receipts or gross proceeds derived from sales for resale to persons regularly engaged in the business of reselling the articles purchased, whether within or without the state, provided that such sales within the state are made to persons to whom sales tax permits have been issued as provided in § 12 of this act.

"Goods, wares, merchandise, and property sold for use in manufacturing, compounding, processing, assembling or preparing for sale, can be classified as having been sold for the purpose of resale or the subject-matter of resale only in the event such goods, wares, merchandise, or property becomes a recognizable, integral part of the manufactured, compounded, processed, assembled or prepared products. Such sales of goods, wares, merchandise, and property not conforming to this requirement are classified for the purpose of this act as being 'for consumption or use'."

This court, in the case of *Wiseman* v. *Arkansas Wholesale Grocers' Ass'n,* 192 Ark. 313, 90 S. W. 2d 987, in construing the effect of the provisions of the 1935 act, *supra,* and the taxability of sales of commodities similar to those involved here, and under a state of facts not materially different from those in the present case, it appearing in that case that the wrapping paper, paper bags and twine were to be used by the merchant "for the purpose of wrapping up, tying and as containers for various and sundry articles of merchandise purchased

by the customer of said retail merchant,'' and no specific charge was made by the merchant to this customer for these commodities, held that sales there by wholesalers to retail merchants of such commodities were not sales for resale and were, therefore, subject to the sales tax under that act.

The only additional fact appearing in the present case which did not appear in the Wiseman case is, that where merchandise is sold by weight the wrapping paper, paper bags and other containers, in some instances, but not in all, were weighed along with the articles sold.

It is our view, however, that this fact does not differentiate the case before us from the Wiseman case; that that decision controls here and, therefore, that the commodities mentioned are not exempt from the tax provided in act 386 of 1941 now in force.

It is certain in this case, as in the Wiseman case, that the commodities sold by appellant to the retailers were not sold for the purpose of resale by the retailer in the sense that merchants are engaged in the business of selling at retail the commodities named. But in all cases the retail merchants were engaged in selling merchandise, and as an incident to their business, for sanitary purposes, to entice trade, and as a matter of convenience for the customers, used and consumed in their business the commodities mentioned. The fact that in the sale of meat by weight a piece of wrapping paper, or a paper tray in the case of the sale of lard, sausage, etc., is weighed along with the merchandise sold, can make no difference in view of the fact that no specific charge is made for the paper or commodity so used by the merchant.

We held in the Wiseman case that since wrapping paper, paper bags, twine, etc., were not to be resold by the merchants as articles of merchandise themselves, but were to be used and consumed by the merchants in their sales, and since those commodities were not ingredients or constituents forming a part of the merchandise to be sold, the sales of the commodities were not sales for resale and, therefore, not exempt from the tax in question. We

said in the Wiseman case, *supra,* "The state imposes a tax upon that which is consumed and used and exempts only that which is sold for resale."

As we have indicated, neither the commodities in the Wiseman case, nor those named in the present case, were bought for resale, but were bought and used for the same purpose, that of making the sale of the articles placed in them. No contention is made here that the commodities named are sold for one price and the merchandise for another.

Under act 386 of 1941, *supra,* we think it clear that the commodities named here when sold by appellant to the retail merchants did not become a "recognizable, integral part of the manufactured, compounded, processed, assembled or prepared products," but such commodities were sold to retail merchants for their consumption and use, and as an aid, in carrying on their retail business.

The case of *McCarroll, Commissioner of Revenues* v. *Scott Paper Box Company,* 195 Ark. 1105, 115 S. W. 2d 839, referred to by counsel is clearly different from the present case on the facts stipulated and agreed upon in the trial of that cause and does not control here.

We conclude, therefore, that the commodities sold by appellant to the retail merchants were not sales for resale purposes; that appellant must pay the tax in question, and that the trial court was correct in denying the relief prayed. The decree is accordingly affirmed.