8 So.2d 418
### POER v. CURRY, Commissioner of Revenue.
### 3 Div. 356.

Supreme Court of Alabama.
April 16, 1942.
Rehearing Denied June 11, 1942.

LIVINGSTON, Justice.

Bill for declaratory judgment by J. B. Poer, an individual doing business as New Yorker Beverage Company, against John C. Curry, as Commissioner of Revenue and as Chief Executive Officer of The Department of Revenue of the State of Alabama. Title 51, Section 810, Code 1940. From a decree favorable to respondent, complainant appeals.

The cause was submitted upon an agreed stipulation of facts which appears in the reporter's statement of the case.

The question presented by this appeal is: Does the purchase of the crowns, caps or tops used by complainant on his bottled beverages constitute a "wholesale sale" within the meaning of the term as employed in the Alabama Use Tax Act, or, does it constitute a "retail sale", as that term is used in the Act? The trial court ruled that it was a "retail sale".

The pertinent provisions of Section 788, Title 51, Code 1940, are as follows: "Property taxed; persons liable.—(a) An excise tax is hereby imposed on the storage, use or other consumption in this state of tangible personal property purchased at retail on or after the first of March 1939, for storage, use or other consumption in this state at the rate of two percent of the sales price of such property," etc.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellee.

Section 787, Title 51, Code of 1940, contains, among others, the following statutory definitions: "(d) The term 'wholesale sale' or 'sale at wholesale' means a sale of tangible personal property by wholesalers to licensed retail merchants, jobbers, dealers, or other wholesalers for resale and does not include a sale by wholesalers to users or consumers not for resale. The term 'wholesale sale' shall include a sale of tangible personal property or products (including iron ore) to a manufacturer or compounder which enters into and becomes an ingredient or component part of the tangible personal property or products which he manufactures or compounds for sale, and the furnished container and label thereof. (e) The term 'sale at retail' or 'retail sale' shall mean all sales of tangible personal property except those above defined as wholesale sales. The quantities of goods sold or prices at which sold are immaterial in determining whether or not a sale is at retail."

Clearly, the appellant, a manufacturer and seller of bottled soft drinks, did not purchase the crowns, caps or tops for resale. City Paper Co. et al. v. Long et al., 235 Ala. 652, 180 So. 324; Durr Drug Co. v. Long et al., 237 Ala. 689, 188 So. 873. Equally clear, they do not constitute an ingredient or component part of the soft drinks manufactured and sold by appellant. 'Thus by elimination, the crowns, caps or tops must come within the meaning of the term "the furnished container and label thereof" in order to constitute a "wholesale sale" under the statutory definition.

We deem it unnecessary to repeat here the well-recognized canons of construction of taxing statutes. See Louisville & Nashville R. Co. v. Western Union Telegraph Co., 195 Ala. 124, 71 So. 118, Ann.Cas. 1917B, 696; Tucker v. McLendon et al., 210 Ala. 562, 98 So. 797; Hattemer v. State Tax Commission, 235 Ala. 44, 177 So. 156; Fidelity & Deposit Co. of Maryland v. Farmers' Hardware Co. et al., 223 Ala. 477, 136 So. 824; Thomason v. Court of County Commissioners et al., 184 Ala. 28, 63 So. 87; Ex parte State ex rel. Lawson, 241 Ala. 304, 2 So.2d 765, 766; Abramson et al. v. Hard, Comptroller, 229 Ala. 2, 155 So. 590; American Bakeries Co. v. City of Opelika, 229 Ala. 388, 157 So. 206; Birmingham Paper Co. v. Curry, 238 Ala. 138, 190 So. 86.

It will be observed that the Act construed in the cases of City Paper Co. et al. v. Long et al., supra, and Durr Drug Co. v. Long et al., supra, did not contain the term "the furnished container and label thereof." General and Local Acts 1936-1937, Extra Session, page 125.

The Legislature in 1939 changed the definition of "wholesale sales" in the Sales Tax Act, General Acts 1939, page 16, Code 1940, Tit. 51, § 752–754, 756 et seq., and at the same time adopted the so-called "Use Tax Act" General Acts 1939, page 96, Code 1940, Tit. 51, § 787 et seq., the Act here involved, with the same definition of wholesale sales as was inserted in the new and amended Sales Tax Act.

No doubt the definitions found in the Use Tax Act, and in the 1939 amendment to the Sales Tax Act, bear the influence of the decision in the case of City Paper Co. et al. v. Long et al., supra.

Admittedly, if appellant furnished the bottle with the soft drink manufactured, and sold the entire unit to the retail merchant, the bottle would constitute the "furnished container". But here, the bottle is returned, not sold. Appellant argues, however, that the bottle crown, cap or top is a part of the container and is not returned, and therefore, being a part of the container, and furnished, is exempt. The argument is ingenious, but not convincing. In our opinion, the Legislature did not have in mind such piecemeal legislation, but was thinking in terms of furnished containers as a unit—one used or destroyed in the transaction.

We are also of the opinion that the crowns, caps or tops are not exempt as "labels". First, it is to be noted that the exemption applies to "furnished containers *and labels thereof*." [Italics supplied.] Labels thereof, in the same clause with furnished containers, refers to furnished containers. There being no furnished containers, the crowns, caps or tops have no field of operation as labels under the facts of this case.

Second, if it be conceded that labels thereof, as used in the Act refers to the contents of the bottle rather than furnished containers, the crowns, caps or tops here considered were never intended to serve the purpose of such label. Although they may bear the name of the drink contained in the bottle, their primary purpose is to serve as seals or stoppers, and not as labels, as the term is ordinarily used. In our opinion, and we hold, the crowns, caps or tops do not come within the statutory definition of "wholesale sales," but are within the definition of "retail sale," and are, therefore, subject to the tax.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.