BRADLEY, Judge.
This is an appeal by the Alabama State Department of Revenue from a final judgment of the Circuit Court of Marion County setting aside a use tax assessment in the amount of $14,069.58 entered against taxpayer Toll Gate Garment Corporation.
The Alabama Department of Revenue (hereinafter referred to as State) entered a final assessment for use taxes against Toll Gate Garment Corporation, a corporation (hereafter referred to as taxpayer) in the amount of $14,069.58 for the years 1973, 1974 and 1975 pursuant to Title 51, Section 788, Code of Alabama 1940 (Recomp. 1958) (Supp.1973). The taxpayer appealed the use tax assessment to the Circuit Court of- *1362 Marion County. The Marion County Circuit Court found that the cardboard boxes and cartons which had been purchased by taxpayer and used by it to ship to its customers shirts that taxpayer had manufactured were not used by taxpayer for storage, use or other consumption within the meaning of Title 51, Section 788, thereby in effect finding these items were purchased by the taxpayer at wholesale. State appeals to this court.
The evidence shows that taxpayer contracts with various companies which sell shirts at retail to manufacture shirts for these companies according to their directions. The taxpayer’s customers provide it with cloth, buttons, labels and linings which are used to manufacture the shirts; the taxpayer does not gain title to these items or to the manufactured shirts. The taxpayer furnishes the pins, tissue, collar board and collar rim with which the finished shirts are packaged. The shirts are packed in paper boxes, with each box containing from one to four shirts. The boxes of shirts are then placed in cardboard cartons for shipment to the taxpayer’s customers, who sell the shirts at retail.
Approximately one-half of the taxpayer’s customers provide the taxpayer with the boxes and cartons in which the shirts are packed and shipped. In those cases in which the customer does not furnish the taxpayer with boxes and cartons, the taxpayer purchases the boxes and cartons from suppliers outside the State of Alabama; the customer specifies the size, color and type of box it wishes and either furnishes or requests the taxpayer to print its brand label.
The taxpayer bills its customers for the labor expended in manufacturing the shirts. When the taxpayer also purchases boxes and cartons for its customers, the cost of these items is added to the price of making the shirts and billed to the customer as one charge. A separate charge for the boxes and cartons is not made.
The taxpayer says that it purchases the boxes for the convenience of its customers, so that a customer will not have to supply its own boxes. The purpose for placing the shirts in the boxes is to keep them ready for sale. The boxes of shirts are placed in the cartons to protect them while in transit.
Title 51, Section 788(a), Code of Alabama 1940 (Recomp. 1958) (Supp.1973), imposes a use tax on personal property purchased outside the State of Alabama as follows:
“An excise tax is hereby imposed on the storage, use or other consumption in this state of tangible personal property . purchased at retail on or after the first day of October, 1965, for storage, use or other consumption in this state at the rate of four percent of the sales price of such property, except as provided in subsections (b) and (c).”
The use tax is imposed only on out-of-state retail sales; if the out-of-state sale is a wholesale sale, the tax is not imposed. State v. Reynolds Metal Co., 263 Ala. 657, 83 So.2d 709 (1955). The State says that the taxpayer does not fall within the wholesale exemption and thus the use tax applies. The taxpayer argues that its purchase of the boxes and cartons in question is a wholesale sale rather than a retail sale.
Therefore, we must decide whether the taxpayer’s purchase of boxes in which it packages the shirts it manufactures but does not sell is a wholesale sale under Title 51, Section 787(d), Code of Alabama 1940 (Recomp. 1958) (Supp.1973). The pertinent portion of section 787(d) is as follows:
“The term ‘wholesale sale’ or ‘sale at wholesale’ means any one of the following: ... a sale of tangible personal property ... to a manufacturer . which enters into and becomes an ingredient or component part of the tangible personal property or products which such manufacturer manufactures . . .for sale, and the furnished container and label thereof; a sale of containers intended for one-time use only, and the labels thereof, when such containers are sold without contents to persons who sell or furnish such containers along with the contents placed therein for sale by such persons . . .” (Emphasis supplied.)
*1363 The taxpayer says first that its purchase of boxes and cartons is a wholesale sale because the the boxes are “furnished containers” within the meaning of the statute. To respond to this argument it is necessary to interpret section 787(d) in the light of predecessor statutes and court decisions construing both these statutes and the present one.
The predecessor statute to section 787(d) provided as follows:
“The term ‘wholesale sale’ or ‘Sale at wholesale’ means a sale of tangible personal property by wholesalers to licensed retail merchants, jobbers, dealers, or other wholesalers for resale and does not include a sale by wholesalers to users or consumers, not for resale. The term ‘wholesale sale’ shall include a sale of tangible personal property or products to a manufacturer, mine, quarry operator, or compounder which enters into and becomes an ingredient or component part of the tangible personal property or products which he [manufactures] and machinery used in such compounding, mining, quarry [operation,] manufacturing, or processing.”
Under this definition of wholesale sale, the supreme court in City Paper Co. v. Long, 235 Ala. 652, 180 So. 324 (1938), determined that sales of wrapping paper, twine, paper bags, paper cartons and other paper containers and similar articles made by the City Paper Company to licensed retail merchants, jobbers, dealers, manufacturers or other wholesalers constituted a sale at retail and was therefore subject to the sales tax on the basis that the retail merchants, etc. were the ultimate consumers of the containers.
The City Paper Co. case was followed and applied to cardboard powder boxes, pill boxes, bottles, jars, and similar containers purchased by retail druggists and used by them as containers for the drugs and medicines sold at retail by them to their customers. Durr Drug Co. v. Long, 237 Ala. 689, 188 So. 873 (1939). City Paper Co. v. Long and Durr Drug Co. v. Long were both reaffirmed in Birmingham Paper Co. v. Curry, 238 Ala. 138, 190 So. 86 (1939).
The legislature then amended the statute defining wholesale sales by adding the language: “and the furnished container and label thereof.” This phrase was carried over in the present section 787(d).
The additional phrase in question was interpreted by the supreme court in Alabama-Georgia Syrup Co. v. State, 253 Ala. 49, 42 So.2d 796 (1949) to refer to:
“ . . . containers which are sold to manufacturers or compounders for use in packing their products for sale and which are sold by the manufacturer or com-pounder along with or as a part of their product.” 253 Ala. at 53, 42 So.2d at 799.
The state sought to tax cartons used by the manufacturer-taxpayer to pack cans and bottles of syrup which it produced. The taxpayer did not sell individual bottles or cans of syrup, but sold only cases of syrup. Thus, the cartons together with the bottles or cans constituted the unit of merchandise sold to a purchaser. The court, in holding that the cartons were “furnished containers” within the meaning of the statute and thus exempt from taxation, recognized the legislative intent behind the amendment:
“ . . . It seems reasonable to us that in making this change in the law the legislature recognized the impracticability of attempting to foresee the uses to which the containers would be put in the transition to manufacturers or compound-ers and then to their customers with the consequent uncertainty to the sellers of deciding when to collect and when not to collect taxes from their buyers.” 253 Ala. at 53, 46 So.2d at 799.
In State v. Albright & Wood, Inc., 268 Ala. 607, 109 So.2d 844 (1959), the supreme court indicated that the purpose of the amendment was to avoid double taxation on the containers. There the state sought to tax bottles withdrawn from inventory by a druggist and used to package medicine purchased in large quantities by the druggist and resold in smaller quantities. The court recognized that no tax was due on bottles used to contain medicines compounded by the druggist, but by a strict construction of *1364 the statute imposed the tax on bottles used to contain medicines the druggist had not himself compounded.
In the case at bar the taxpayer unquestionably manufacturers shirts; however, it does not sell the shirts either at wholesale or retail. During the manufacturing process it never gains title to the material used to produce the shirts or the finished shirts. The taxpayer “sells” only its skill and labor in cutting and sewing the shirts. Thus, we must decide whether the tangible personal property which the taxpayer manufactures for sale, and which it places in the containers, sought to be taxed, must be sold by the manufacturer/taxpayer itself, or merely sold eventually.
Taxing statutes are to be construed in accordance with their real intent and meaning, and not so strictly as to defeat the legislative purpose. Alabama-Georgia Syrup Co. v. State, supra; Dixie Coaches v. Ramsden, 238 Ala. 285, 109 So. 92 (1939). We think that by amending the definition of wholesale sale after the three decisions City Paper Co. v. Long, Durr Drug Co. v. Long and Birmingham Paper Co. v. Curry the legislature made clear its intent to postpone the taxing of containers until the final retail sale of the product. After a careful reading of the Alabama-Georgia Syrup Co. case and State v. Albright & Wood, Inc., supra,we are convinced that the supreme court construed section 787(d) so as to implement that intention of the legislature.
In the case at bar the cost of the boxes and cartons is included in the sales price of the shirts, and a sales tax is collected on the retail price of the shirt in Alabama; therefore these boxes and cartons are ultimately taxed.
For the reasons above stated the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.